Judge Haggin
delivered the opinion of the Court.
Henry Dickinson filed his bill in chancery, stating that he had obtained two judgments at law against the administrators of George Chism, deceased, one foi *145 $278 78, with interest from the 3d of April, 182á, and costs, and the other for $60 70, with interest from 30,’h of January, 1822, and costs; that Solomon Dickinson had likewise obtained two judgments against the administrators of George Chism, one for $61 50, lnterest from the 22d of January 1820, until paid, and costs, and the other for $179 27, with interest from the 9th of October 1822, until paid, and costs — which he had purchased from the said Solomon; that lions had issued on all those judgments, but no ty could be found, and in fact, there were no assets; that in the year 1821, by an act of assembly, a certain Hardin, Gist and Monroe, had been appointed missioners to make sale of a tract of land which was the intestate, for the payment of his debts; that they accordmgly proceeded with the sale, and the complainant became the purchaser, and gave two notes to secure the price, being $232 50 each, to the commissioners, upon specified credit; that the notes becoming they were put in suit, and payment about to be coerced by the commissioners; praying that the proceeds should be applied to the satisfaction of his judgments, and the commissioners enjoined, &c. &c.; reference is also made to the record of the several judgments, and the act. of assembly. j
It is not nu-¡f^e^the^ billin such case, that a¡5!1jnsj. the enti-tiod t° proce-once‘
Where there aro such de-™t-offcannol be allowed; but tho do-fence must be answer” and shown by the defendants.
*145 The defendant demurred, and the court sustained the demurrer; consequently, the complainant ed.
In this case, the creditor has established his d.emand in a court of law, and used the final process of that tribunal in vain; and if the fund which is the subject of controversy be reduced to possession, still the fieri fu-cios cannot reach it, and it may be found expedient, not indispensable, to resort to ihe chancellor. His power to afford redress, has been controverted; but ex-Cculors and administrators have been long considered as truslees for creditors, and accordingly liable to their suit in chancery for a discovery, an account and a fribution of assets. Maddock’s Chancery 466-7, and 2d Piere Williams 211; 3 Atkins 527.
The commissioners may likewise be held as trustees with more limited powers, and even less of interest. Unless, therefore, there be some creditor of superior dignity, those truslees can sustain no injury by the discount prayed, and a coercion of the money migfcrf be *146 highly injurious to the complainant. The demurred should, therefore, have been overruled, and an answer required. '
Sharp, for appellant; Monroe, for appellees.
Decree reversed with costs, and remanded for further proceedings, in conformity with this opinion.