## Rocco *v.* State, 37 Miss. R., 357.

### Retailing.

The overruling of a demurrer to the replication of the state, when the replication is afterwards withdrawn by the district attorney, is no ground of error.

The withdrawal of a replication by the state, after a demurrer to it has been overruled, is no error.

Under the statute, Rev. Code, 615, Art. 262, the indictment may be amended by striking out certain descriptive words from it.

If the offense charged against a party in a second indictment *be identical* with an offense charged against the same party in a previous valid indictment, upon which he was tried and convicted or acquitted, that judgment will be a bar to the second indictment; and it will be presumed that all the evidence that could be adduced in support of the former indictment was adduced on that trial.

But in order to render a former acquittal or conviction successful, it is necessary for the defendant to show *the record* of the former proceedings and conviction, and prove *the identity of the offense* and of the *person* charged in the two indictments.

Where a former indictment charged the defendant with retailing spiritous liquors to *John Smith*, and he was subsequently indicted for retailing to John Hobart, a plea of *autrefois acquit* under the first indictment is not sufficient to bar his conviction under the second.

Under the Rev. Code, 614, Art. 252, a grand juror who found the bill of indictment is a competent witness for the state, on the trial of it.

Error to Yazoo circuit court. Henry, J.

This was an indictment in the court below for retailing vinous and spirituous liquors, without license, to one John Hobart, and to divers others to the grand jurors unknown, in the first count. The second count contained the same charge, with the additional averment that the prisoner " suffered and permitted the liquors to be drunk in his house and on his premises."

To this indictment the prisoner pleaded specially a former conviction for the same offense, and set out with his plea the record of his conviction, from which it appeared that at the same term of the court at which the present indictment was found against him, in the first count of which he was charged with retailing vinous and spirituous liquors in less quantities than one gallon, and without license, to " John Smith and divers other persons to the grand jurors unknown ; " and in the second count he was charged, in the same language, with the additional averment, " that he suffered and permitted the same to be drunk in his house and on his premises." It also appeared that he had been convicted on this last-mentioned indictment, upon his plea of guilty, and had been sentenced.

The replication of the district attorney to this plea denied that the prisoner was convicted " of the particular offense here charged, but averred that he was convicted of a similar offense in the sale of liquor to one John Smith, and not to one John Hobart, for which he is now indicted, and for which he has never been tried or convicted, and which particular offense was not embraced or inquired into in the case in which the defendant stands convicted of record, and this the state prays may be inquired into."

To this replication the defendant filed a general demurrer, which was overruled.

The prisoner then rejoined as follows : " The defendant says that he was not convicted of a similar offense in the sale of liquor to one John Smith, as averred in the replication; and this he prays may be inquired of by the country."

The district attorney then, after the jury was empaneled, but before the papers were read, or any evidence submitted to the jury, asked and obtained leave to withdraw his replication, and file a new one; to which the prisoner excepted.

The district attorney then filed the following replication : " This day came the state, by the district attorney, and for replication to the answer of the defendant, says, that it is not true that the defendant was, on the first day of June, 1859, in this court tried and convicted upon an indictment for the same identical offense for which he is indicted and arraigned

Rocco v. State. [37 Miss.

for trial in this case, as appears of record in this court; and this the state is ready to verify by the record. Wherefore the state prays judgment of this court against said defendant on said plea."

The cause was tried upon the issue thus joined before the judge, and on the trial the defendant read in evidence the record of his former conviction, as set out by his plea; and upon this evidence, the court, as the record states, "overruled the plea."

It further appears from the record that the district attorney asked and obtained leave from the court to amend his indictment by striking out the words, "and to divers other persons unknown to the jurors," in both counts; but at what stage of the proceedings this occurred is not known. To the amendment thus made the prisoner objected, and excepted.

The prisoner plead not guilty, and the case was submitted to the jury at the same term of the court that the indictment was returned.

On the trial the district attorney introduced Wm. R. Wren, one of the grand jury who found and returned into court the bills of indictment against the prisoner.

The district attorney then asked said witness the following questions: 1st. "If the bill of indictment in this case was found by the said grand jury at the same time the bill of indictment against the same defendant for selling spirituous liquors to one John Smith, and to divers other persons, was found?" 2d. "Whether John Hobart was before the grand jury before the indictment against Rocco for selling spirituous liquors to John Smith and others was found by said grand jury?"

The prisoner objected to these questions, "because what transpired in the grand jury room was not legal evidence;" but the court overruled the objection, and the defendant excepted.

The evidence on the trial before the jury is not set out; but it seems, from the foregoing questions propounded to witness Wren, and the instructions asked by both parties, that the jury tried these two questions: 1st. Whether the defendant had sold vinous and spirituous liquors to John Hobart, as charged; and 2d. If he did so sell, whether such offense was the same act of

which he was convicted under the indictment charging a sale to Smith?

At the instance of the district attorney, the court charged the jury as follows:

1. If the jury believe, from the evidence, that the defendant, at any time within one year before the 23d day of May, 1859, and in this county, sold vinous and spirituous liquors in a less quantity than one gallon, without a license so to do, to John Hobart, then the jury are bound to convict him, unless the jury shall believe, from the evidence, that the defendant has been convicted of this very identical offense of so selling to John Hobart; and that the offense of which he stands convicted is one and the same offense for which he now stands on trial; and proof that the offenses are of the same character and the same kind is not sufficient, unless it shows that the two offenses are identically one and the same."

2. In offenses of this character, every separate act of sale is a separate and distinct offense in law, for which the party may be indicted; and if so indicted and convicted for one only, that is no bar to a conviction for another.

3. The burden of proof is on the defendant to show, by evidence satisfactory to the jury, that the defendant has been convicted for selling the liquor to Hobart, and that it was that offense for which he was convicted in the case in which he was indicted for selling to John Smith and to others, and no other offense; and unless the defendant has done so, the jury must convict, if they believe him guilty of the offense charged.

4. The dates being the same in both indictments is immaterial, and does not prove that they are one and the same offense.

The following instructions, asked for by the defendant, were refused, to wit:

2. That a man cannot be twice put in jeopardy for the same offense; and if the jury believe, from the evidence, that the defendant may possibly have been once convicted legally of the same offense for which he is now on trial, they must acquit.

4. Under a proof of a sale of vinous and spirituous liquors to John Hobart in this case, if it had been introduced on the trial of the case, the record of which is before the jury, the de-

fendant could have been legally convicted in that case, and the former conviction would have been a bar to this prosecution.

The jury found the prisoner guilty, and he was sentenced by the court. From this judgment he sued out a writ of error, and brings his case to this court.

*Gibbs* and *Wilkinson*, for plaintiff in error.

The court below erred in overruling the demurrer of the defendant to the replication of the state to the plea of *autrefois convict*. The replication is insufficient, first, because it is no answer to the plea; and secondly, because it has no legal conclusion. The court also erred in permitting the replication to be withdrawn, and a new replication filed, after issue joined. No amendments are allowed except to the indictment. Rev. Code, 614–16. And as such amendments were not allowed at common law, the courts cannot extend the statute beyond its plain terms. But even if it could be so construed as to extend to all the pleadings, yet, in this case, the amendment was not proper at the time it was made; that is, after issue joined. So it was improper to permit the amendment to the indictment after the jury was sworn. The statute is express that all objections to any indictment shall be made before the issuance of the *venire* in capital cases, and before the jury shall be empaneled in all other cases, and not afterwards. Rev. Code, 616, art. 268.

The record of the conviction of the defendant, set forth in his special plea, was a bar to a conviction under this indictment. The plea of *autrefois convict* and *autrefois acquit* are the same in principle, and rest on the maxim that " no man shall be more than once in peril for the same offense," which has been incorporated into our declaration of rights, sec. 13. A legal conviction or acquittal in any court of competent jurisdiction, if the indictment be good, will be sufficient to preclude any subsequent proceedings before every other court. Commonwealth v. Cunningham, 13 Mass. R., 245; Commonwealth v. Goddard, ib., 457; Wortham v. Commonwealth, 5 Randolph, 669; Bayley's cases, 1 Va. Cases, 188, 248, 258.

The true test to ascertain whether a plea of *autrefois* be a

good bar is, whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction on the first. People v. Barrett, 1 Johns., 66; Commonwealth v. Cunningham, 13 Mass., 245; Hite v. State, 9 Yerger, 357; Commonwealth v. Halstal, 2 Boston Law R., 177; Archbold's Cr. Pl. (by Jervis), 82; Commonwealth v. Curtis, Thacher C. C., 202; Commonwealth v. Goodenough, ib., 132; Gerard v. People, 3 Scam., 363; State v. Ray, Rice, 1; State v. Risler, 1 Richardson, 219.

The rule undoubtedly is, that if the prisoner could have been legally convicted on the first indictment, upon any evidence that might have been adduced, his acquittal on that indictment may be successfully pleaded to a second indictment. And it is immaterial whether the proper evidence was adduced at the trial of the first indictment or not. Rex v. Sheen, 2 Carr. & Payne, 634; Rex v. Clarke, 1 Brod. & B., 473; Rex v. Embden, 9 East, 437.

If the charge be in truth the same, though the indictments differ in immaterial circumstances, the defendant may plead his previous acquittal, with proper averments; for it would be absurd to suppose that, by varying the day, place, or any other allegation, the precise accuracy of which is not material, the prosecutor could change the right of the defendant, and subject him to a second trial. Hite v. State, 9 Yerger, 357; Keeler, 58; 1 Leach, 448; Rex v. Embden, 9 East, 437; 1 Archbold's Cr. Pl. and Ev. (by Waterman), 112, and notes.

The court below also erred in suffering the questions to be propounded to witness Wren. This witness was a member of the grand jury which found both bills of indictment. He was first asked if the two bills of indictment were found at the same time. This question is liable to many objections. It did not go to prove the issue before the jury, which was then on the plea of not guilty, and the finding of two or a hundred indictments was no proof of guilt. He was also asked as to what witnesses were before the grand jury, and at what time, in order to prove that the two bills of indictment were found upon the testimony of different witnesses; and it is to guard against this very thing that the plea of former convic-

tion is allowed. If it was necessary to sustain that plea, that both bills should be found at the same time, by the same grand jury, upon the testimony of the same witnesses, we imagine the plea would never be filed in any case.

*Burrus & Armistead,* on same side.

*T. J. Wharton,* attorney general,

Relied on an elaborate brief of R. S. Hudson, Esq., the district attorney who prosecuted in the court below. In this brief the following authorities, to sustain the decision of the court below on the plea of *autrefois convict,* were relied on: 1 McCord, 355; Miazza v. State, 36 Miss., 613; State v. McBride, 4 McCord, 332; 1 Richardson, 90; 15 Verm., 290; 21 ib., 91; 9 Metc., 569; 8 ib., 529; 17 Wend., 475; 8 S. & M., 576; 24 Pick., 374; 3 Stark. Ev., 1529; 1 Chitty Cr. Law, 238; 4 Pick., 258; 13 ib., 539; 4 Denio, 235; 5 How., 590; State v. Combs, 32 Maine, —; State v. Ainsworth, 11 Verm., 91; 21 ib., 91; Smith v. Commonwealth, 7 Gratt., 593; Hite v. State, 9 Yerger, 357; 1 Leach, 404; 6 Dana, 295; 4 Pick., 252; Noonan v. State, 33 Miss., 373; 3 Harr., 547; 28 Miss., 637; 1 Strange, 707; 1 N. H., 268; 12 Conn., 54; 1 Swann, 34; 2 Hale P. C., 244; Miller v. State, 33 Miss., 360; Rex v. Sheen, 2 C. & P., 634; 1 Green, 361; 2 Hawks, 98; 5 Porter, 523; 9 C. & P., 364; 1 Rice, 1; 1 Comstock, 379; 5 Harris, 126; 1 C. & M., 328; 2 Tyler, 390; 2 Mass., 409; 1 Va. Cases, 164; 1 Carolina Law Repository, 519; 1 Walk., 208; 1 East P. C., 522; 12 Pick., 505; 9 East, 441; 1 Green, 361: 7 Conn., 54, 414; 5 Halst., 293; 7 Dana, 219; 8 Leigh, 721; 7 S. & M., 423; 12 Ga., 293.

HANDY, J.:

The plaintiff in error was indicted for unlawfully selling and retailing vinous and spirituous liquors in less quantities than one gallon, without license. The indictment contained two counts, the first charging that the defendant *sold* the vinous and spirituous liquor to *John Hobart,* and divers other persons to the jurors unknown, and the second that he sold vinous and spirituous liquor to *John Hobart* and divers other persons to the

jurors unknown, and *permitted the same to be drunk on his premises.*

The defendant pleaded a former conviction for the same offense, and incorporated in the plea a transcript of the record and proceedings in the same court, upon an indictment against him, charging him with selling unlawfully, and without license, vinous and spirituous liquors in a less quantity than one gallon, to *John Smith* and divers other persons to the jurors unknown; and also, in a second count, with selling vinous and spirituous liquors to *John Smith* and divers other persons unknown to the jurors, and permitting the same to be drunk in and about his storehouse; to which indictment he appeared and pleaded guilty, whereupon judgment was rendered against him. To this plea a replication was filed on the part of the state, denying that the defendant had been convicted of the same offense charged in this indictment. A demurrer was filed to this replication, which was overruled, and the defendant rejoined, taking issue upon the replication. The district attorney then asked leave to withdraw the replication, which was granted, the defendant excepting, and a new replication was filed, in a more formal manner, denying that the conviction pleaded was upon the same offense charged in this indictment, which was done before the case was submitted to the jury. Upon the issue taken upon the defendant's plea, judgment was then rendered by the court that there was no such record of conviction as set forth in the plea; and it was overruled, and the defendant required to answer over to the indictment.

Upon motion of the district attorney, the court allowed the district attorney to amend the indictment by striking out the words " *and divers other persons to the jurors unknown,*" in both counts of the indictment, the defendant excepting. A plea of not guilty was then filed, and upon the trial of that issue a verdict was rendered against the defendant. A bill of exceptions was taken to the admission of certain testimony on the trial, and also to the refusal of the court to instruct the jury that the former conviction pleaded by the defendant is a bar to this indictment.

The first error assigned is the overruling of the demurrer to

the first replication. But no prejudice was caused to the defendant by this, inasmuch as the replication was afterwards withdrawn.

The second assignment is that the court erred in permitting the replication to be withdrawn, and a new one to be filed, after issue joined on the first. This was a matter within the discretion of the court, and its exercise does not appear to have worked any injury to the defendant, for it was attaining the same end that would have resulted if his demurrer to the replication had been sustained. And the rule in the courts in this country is to allow amendments of pleadings in cases of misdemeanor, though in England they were only allowed in *cases of* felony. Commonwealth v. Burge, 3 Penn., 262; Foster v. Commonwealth, 8 Watts & Serg., 77; 13 Mass., 456.

The third error assigned is that the court permitted the indictment to be amended by striking out certain descriptive words from it. This was expressly authorized by the statute. Rev. Code, 615, art. 262.

The next error assigned is the judgment of the court upon the plea of former conviction, in holding that the record of the conviction set forth in the plea was not a bar to a conviction under this indictment. This ground of error embraces also the ninth assignment, relating to the refusal of the instructions asked at the instance of the defendant, that the record of conviction pleaded was a bar to this indictment.

It is undoubtedly true that if the offense charged against a party in a second indictment *be identical* with an offense charged against the same party in a previous valid indictment, upon which he was tried and acquitted or convicted, that judgment will be a bar to the second indictment; and that it will be presumed that all the evidence that could be adduced in support of the former indictment was adduced on that trial. Rex v. Sheen, 2 Carr. & Payne, 634 (12 Eng. C. L. Rep., 776); 1 Russ. on Cr., 834 (7th Amer. from 3d Lond. edit., 1853). But in order to render a plea of former acquittal or former conviction successful, it is necessary for the defendant to show *the record of the former proceedings and conviction,* and, further, to prove *the identity of the offense,* and also *of the person* charged in the two

indictments. Archb. Crim. Pl., 4 Amer. edit., 85; 1 ib. by Waterman, 113, note. After proof of these things, the question is, whether the accused could have been convicted upon any state of evidence on the former indictment; for if he could, he must be acquitted on the second. 1 Russ. on Cr., *supra.*

The question, then, in this case is, does it appear by the record of the former conviction, set forth in the plea; for that was all the evidence offered in support of the plea that the offense of which the defendant was convicted on the former indictment is the same identical offense charged in this indictment. And it is very clear that the identity of the offense does not appear.

It is argued in behalf of the plaintiff in error that, inasmuch as the defendant might have been convicted by proper evidence under the former indictment, for selling spirituous liquor without license to John Hobart, he is entitled to the benefit of the presumption that *the conviction was for that offense,* and should have been acquitted on this indictment. But this proceeds upon a manifest perversion of the rule above stated, in relation to the presumption of law applicable to the former conviction. That rule applies only when the identity of the offense has been sufficiently established by evidence to be adduced by the defense; and in offenses which, in their nature, are capable of repetition, and each repetition of which is a substantive violation of law, there is no legal presumption of identity. Thus, if the former indictment had charged a selling to John Hobart, and the defendant had been convicted upon that indictment, the record of the conviction would not, in presumption of law, have been a bar to the present indictment, because it would not necessarily appear that he was charged with the same identical offense in both indictments. It would have been incumbent on the defendant in such case, as it was incumbent on him in this, to prove by sufficient evidence, in addition to the record of the former conviction, that the offense of which he was there convicted was the same identical offense charged in this indictment; and if the plea had been one of former acquittal, and the record had showed it, and the identity of the offense with that for which he was tried under the former indictment had been established by sufficient evidence, then he could not be

convicted by any evidence upon this indictment, though such evidence was not adduced on the former trial, and might have been sufficient, if adduced, to convict. Hence, if it be conceded that the defendant might have been convicted upon proper evidence on the former indictment, for selling to John Hobart, it would by no means follow that the offense charged in this indictment must be the same identical offense of which he was then convicted; for he might have unlawfully sold spirituous liquors to John Hobart at divers times; and if so, upon the reasoning in behalf of the plaintiiff in error, a conviction for one of the offenses would, by the mere legal operation of the record of conviction, be a bar to an indictment for any other of them, without any proof of the identity of the offense. It is therefore manifest that there is no legal presumption of identity arising from the record of conviction, and that it was incumbent on the defendant to prove the identity by sufficient legal evidence, in addition to the record of conviction, in order to make his plea successful. 1 Archb. Cr. Pl. by Waterman, 113, note 1, quoting 2 Russell on Cr.; State v. Cassity, 1 Richardson, 91; State v. Ainsworth, 11 Vermont, 91.

We think, therefore, that the judgment upon the plea, and the action of the court in overruling the defendant's instructions in relation to it, were correct.

The last ground of error relied on is, that the court allowed the witness Wren—who was a member of the grand jury which found the indictment—to testify on the trial.

The first question propounded to this witness to which objection was made was, whether he was one of the grand jury at the time at which both of the indictments against the defendant were found. It is not perceived that any prejudice could be done to the defendant by an answer to this question, whether in the affirmative or negative. The witness was also asked, on the part of the state, whether the indictment against the defendant for selling spirituous liquors to John Smith and others was found, and whether John Hobart was before the grand jury before the indictment in the last mentioned case was found. To these questions the defendant objected, on the ground that what transpired in the grand jury room is not evidence.

Whatever may have been the rule in relation to the competency of these questions before the passage of the present code, they are rendered competent by the provisions then made upon the subject.   Rev. Code, 614, art. 252.

Let the judgment be affirmed.