THE STATE OF IOWA, Appellant, v. WILLIAM WATERMAN,
Appellee.

1. **Criminal Law**: FORMER ACQUITTAL: PAROL EVIDENCE ADMISSIBLE
TO SHOW IDENTITY OF OFFENSES.   Where a former trial and acquittal
are pleaded as a defense to an indictment, and the identity of the
crime charged in the two cases is not fully established by the record,
parol evidence is admissible to aid in the identification, so long as the
record is not contradicted thereby.   The judge who presided at the
former trial in such case is a competent witness on the question of
identity.

2. ———: ———: FACTS CONSTITUTING: OBSTRUCTION OF HIGHWAY.
An indictment against the defendant for obstructing a highway was
found September 7, 1887, and a conviction could have been had,
under section 4301 of the Code, upon evidence showing the obstruction
at any time within three years prior to that date.   Another indict-
ment against the defendant for obstructing the same highway was
found April 11, 1890, and a conviction could have been had thereon
upon proving the obstruction at any time prior to that date and sub-
sequent to April 11, 1887.   On the trial of the former indictment the
jury found that the alleged highway had no legal existence, and the
defendant was, therefore, acquitted.   *Held*, that this acquittal was a
good defense to the second indictment, since proof of the alleged
obstruction at any time between April 11, 1887, and September 7,
1887, would have sustained either indictment.

*Appeal from Clayton District Court.*—HON. L. O. HATCH,
Judge.

TUESDAY, JANUARY 24, 1893.

THE defendant was charged with the crime of nui-
sance, in obstructing a public highway.   He pleaded a
former trial and acquittal of the same offense.   There
was a trial, resulting in a verdict for the defendant.
The state appeals.—*Affirmed.*

*John Y. Stone*, Attorney General, *D. D. Murphy*,
County Attorney, and *J. Larkin*, for the State.

*J. O. Crosby*, for appellee.

KINNE, J.—April 11, 1890, the defendant was indicted for the crime of nuisance committed by obstructing a highway on or about April 28, 1888. The defendant pleaded a former acquittal of the offense charged, by the judgment of the same court, rendered May 2, 1888. To support this plea the defendant introduced in evidence the indictment in the former case, and also in the case at bar; the testimony on which each indictment was found; the notice as to additional witnesses in the present case; the instructions given to the jury on the former trial; also the testimony of the judge who tried the former case. From the evidence it appears that the defendant was tried and acquitted May 2, 1888, on an indictment found on September 7, 1887, which charged him with a nuisance committed by obstructing this same highway, committed on or about September 7, 1887. The indictment in the case at bar charges the defendant with obstructing the same highway on or about April 28, 1888. The evidence shows that the obstruction originally placed in the highway in 1887, or prior thereto, had remained ever since, and constituted the obstruction on which the present as well as the former indictment was based.

I.   On the last trial Judge HATCH, who presided at both trials, was called as a witness on behalf of the defendant, and, against the objection of the state, testified, in substance, that the first trial was had on the merits; that the main question contested was whether or not a certain track across the defendant's land, which it was claimed he had fenced up, was a highway; that the claim of a highway made in that case was in Volga township, across the defendant's land, and substantially upon a line surveyed by one Zearly; that there was no contention over any other question. It is

1. CRIMINAL law: former acquittal: parol evidence admissible to show identity of offenses.

claimed it was error to permit the introduction of this testimony; that the judge could not contradict the record. It is proper to say that Judge HATCH was permitted, without objection, to state that on the former trial the building of the fence across the track referred to was virtually admitted, so as not to be a subject of controversy. Hence, the admission of the prior testimony touching that matter, even if error, was not prejudicial. The other facts testified to by him were that the trial was had on the merits, and identifying the location of the highway, which, in the first trial, was claimed to have been obstructed. These were material facts, which it was incumbent on the defense to establish. If the acquittal was had on a hearing wherein the merits of the charge were not investigated, it could not be successfully urged in bar of the charge in the second indictment, and the same result would follow if the offenses charged were not shown to be the same in both cases. If, as we think, the record evidence did fully show that the former hearing was held on the merits, then the. fact that the witness also testified that such was the case would not be such error as that the state would be prejudiced thereby. The record in the former trial, viz., the indictment, plea, instructions, and finding of the jury, would not identify the highway in both cases as being the same. So far as this record discloses, neither indictment so definitely located or described the highway that from them it could be determined that they were identical. It is rarely the case that the identity of the crime charged in two different cases is fully established from the record alone. In such cases parol evidence is always admitted to aid in identification, so long as the record is not contradicted thereby. *Emerson v. State,* 43 Ark. 372; *Swalley v. People,* 116 Ill. 247; *Walter v. State,* 105 Ind. 589; *Dunn v. State,* 70 Ind. 47; *Commonwealth v. Dillane,* 11 Gray, 67; *State v. Maxwell,* 51 Iowa, 314;

1 Bish. Crim. Law, section 1050; *Jenkins v. State*, 78 Ind. .133; *Rocco v. State*, 37 Miss. 357; *Packet Co. v. Sickles*, 5 Wall. 580; *People v. McGowan*, 17 Wend. 386; .*Stapleton v. King*, 40 Iowa, 278. In *State v. Maxwell, supra*, this court held that a justice of the peace before whom the defendant had been convicted of a former offense might properly testify that the offense charged in the information laid before him was in fact the same as that testified to by the witness in the second case, and that he might identify the evidence as being the same. Surely no one was better qualified to speak touching the identity of the charge than the judge who presided at the former trial.

II. In the case at bar the court instructed the jury thus: "If you find from the evidence that in the trial

2..——: ——: of the former case the main defense was
facts constituting: obstruction of highway.
that the road obstructed by the defendant was not a public highway, then you will find that the judgment of acquittal in the former case was a final judicial decision in defendant's favor on this question; and if you further find that the roads mentioned in the two indictments, and the obstructions complained of, are the same, and that in this present case the same question as to the existence of a public highway is involved, and that in order to convict in this case the same question will have. to be retried and decided the other way, you will find that the offenses in the two cases are substantially the same. And this you will do, notwithstanding the claim of the state that the offense under the present indictment is a continuance of the obstruction mentioned in the former indictment after the said acquittal. If you find the offenses described in the two indictments to be the same, your verdict will be, 'For the defendant;' otherwise, 'For the state.'" It is urged that the latter crime is not the same as that charged in the first indictment; that the defendant could not, under the first indictment,

have been convicted or acquitted of an offense committed after the date of its presentment to the court; and hence it is claimed an acquittal thereunder is no bar to the present charge. *State v. Johnson*, 69 Iowa, 624. In other words, the contention is that the former acquittal can not be pleaded in bar as to any obstruction existing after September 7, 1887, the time when the former indictment was returned into court, and April 11, 1890, the time when the last indictment was presented. In the first trial the defendant pleaded "Not guilty." That was, under our law, a denial of every material allegation of the indictment. Code, section 4363. The verdict in that case was "Not guilty;" and that, the statute says, imports an acquittal on every material allegation in the indictment. Code, section 4464. In all cases where time is not a material ingredient of the offense, the indictment need not allege the precise time when the crime was committed, provided it is alleged it was committed prior to the finding of the indictment. *State v. Deitrick*, 51 Iowa, 467. And even if a time is alleged, as in the case at bar, the state is not limited to it, but may prove the commission of the offense charged at any time prior to the finding of the indictment, and within the period of limitations. Code, section 4301; *State v. Kirkpatrick*, 63 Iowa, 554. In cases like that at bar, an indictment must be found within three years after the commission of the offense. Code, section 4167.

Now, applying the law to the facts disclosed by this record, we find that the evidence in the former case in fact related to a period from September 7, 1887, when the indictment was found, back to 1886; that in the present case some of the evidence covered the entire period of three years prior to April 11, 1890, the time when the last indictment was returned. Now, it will be observed that the statutory period prior to the finding of the last indictment reaches back to April 11,

1887, and covers nearly five months of the time covered by the first indictment. What are the material allegations of the two indictments? *First*, the existence of the highway; and, *second*, its obstruction by the defendant. It is clear, then, that the former trial directly involved the question of the existence of a legal highway, and the obstruction of that particular highway by defendant. Whether the plea of former acquittal is good in bar of this prosecution may be tested by the determing whether the evidence necessary to support the second indictment was sufficient to have proved a legal conviction in the first case. 1 Bish. Crim. Law, section 1051; Whart. Crim. Ev., section 579. Or, as the rule is stated as applied to civil cases, the most infallible test as to whether a former judgment is a bar is to inquire whether the same evidence will maintain both the present and former action. Freeman, Judgments, section 259; *Hahn v. Miller*, 68 Iowa, 749. To convict under the first indictment it had to be shown that the *locus* was a public highway, and that the defendant obstructed it at any time between September 7, 1884, being within the statutory period of limitations, and September 7, 1887. To convict under the second indictment, which was presented April 11, 1890, it must be shown that the *locus* was a public highway, and that defendant obstructed it at any time between April 11, 1887, and April 11, 1890. Now, it will be seen that the time intervening between April 11, 1887, and September 7, 1887, is or may be covered by the same evidence needed to support each indictment. So we have a case where the identity is perfect as to the highway obstructed, and for the time last mentioned the evidence would be the same in both cases as to the obstruction.

We can not doubt, under these facts, that the plea of former acquittal was good. The existence of the highway must, of necessity, be established before the

defendant could be convicted of obstructing it. Under the provisions of our statute already quoted, that being one of the material facts put in issue, and determined in the defendant's favor by the verdict, it is conclusive. The case is a peculiar one, and unlike any instanced by counsel for the state. As we have said, the first case involved the question of the existence of the highway. The verdict of the jury in that case, of necessity, determined that the highway did not exist, and that fact can not be again inquired into in the same kind of a criminal action.

　　The instruction was correct. AFFIRMED.