127   301
f135  487

127   301
143   588

STATE OF IOWA, Appellee, v. GEORGE H. PRICE, Appellant.

**Criminal law:** FORMER ACQUITTAL: RAPE: INCEST. An acquittal under an indictment charging rape on a female under the age of consent is a bar to a subsequent proceeding under an indictment charging incest with the same female at the same time, although in the latter prosecution the State elects to reply upon an act committed on a different date from that relied on in the prosecution for rape.

Dissenting opinion by Justice McClain concurred in by Chief Justice Sherwin.

*Appeal from Ringgold District Court.*—HON. R. L. PARRISH, Judge.

WEDNESDAY, APRIL 12, 1905.

DEFENDANT was indicted, tried, and convicted of the crime of incest, and from the judgment against him appeals.—*Reversed.*

*Spence & Smith* and *C. W. Hoffman,* for appellant.

*Charles W. Mullan,* Attorney-General, *Lawrence De Graff,* Assistant Attorney-General, and *F. F. Fuller,* County Attorney, for the State.

DEEMER, J.—On April 24, 1902, the grand jury of Ringgold county for the April term of the district court held therein returned two indictments against the defendant; one for the crime of rape, and the other for incest. In each defendant was charged with having had intercourse with one Gertie Blackmore, a stepdaughter, who was under the age of

fifteen years. The charge of rape was first tried to a jury, resulting in a verdict of not guilty. Thereupon defendant was placed upon trial for incest. To the indictment for that offense he pleaded not guilty, and also pleaded his former acquittal of the charge of rape as a bar to the charge of incest and as an adjudication that he was not guilty of incest. A demurrer to this plea was interposed by the State, which was submitted and sustained. Defendant also offered in evidence on the trial of this case, which was for incest, the record of the proceedings in the rape case; objection to which was sustained by the trial court. After the evidence was all adduced, the jury in this case was instructed that defendant must be convicted, if at all, for an act of sexual intercourse which took place on or after November 12, 1901, thereby excluding from the consideration of the jury any act of intercourse which occurred prior to that date. Each indictment charged that the offense named therein was committed on the 1st day of the preceding October. On the trial for rape the State was permitted to prove all acts of intercourse covering the entire period included within the indictment; but at the conclusion of the evidence it was compelled to and did elect to rely upon an act of intercourse said to have been committed on or about October 28th. Upon the trial of this case the State was also permitted to prove various acts of sexual intercourse with the prosecutrix, but at the conclusion of its evidence on motion of the defendant it elected to rely upon an act occurring November 12, 1901.

In one of its rulings on the introduction of testimony the trial court said: " In this case the State has selected the 12th of November, another date. ' The court is of the opinion that, even if it should be held that the indictment for rape includes the crime of incest, that this is a prosecution for another and distinct act of sexual intercourse from what the prosecution was based upon in the other case. Taking in view of the fact the State elected before to depend upon the date of October 28th, * * * and in view of the fact

that the State now depends upon an entirely different date, the objection is sustained." In various other ways defendant raised the question of former acquittal, and the point now presented for decision is, was the plea of former acquittal sustained? As the prosecutrix was under the age of consent, it is conceded that the same testimony would have supported either charge, and that the indictments covered the same periods of time. The verdict of acquittal in the rape case was necessarily a finding that defendant had not had intercourse with the prosecutrix at any time during the period covered by the indictment. True, rape is not a continuing offense, but under a general charge, such as was made in this case, all acts of illegal commerce within the period of the statute of limitations might be shown; and in such cases a general verdict of acquittal is an acquittal of all. *State v. Parish*, 104 N. C. 679 (10 S. E. Rep. 457); *Proper v. State*, 85 Wis. 615 (55 N. W. Rep. 1035). But it is said that, as the State elected in the rape case to rely upon one date, and in the incest case upon another, these rules do not apply, and there was no former acquittal, nor was the defendant in jeopardy in the rape trial for any other act of intercourse than the one relied upon by the State, to-wit, the one occurring on October 28th. This is a virtual concession that the doctrine of former acquittal applies, but that it only applies when the State relies upon the same and identical transactions. The concession is manifestly sound, but the qualification is not, unless all rules with reference to jeopardy are misapplied or misunderstood. A few suggestions will dispose of the fallacy involved in this contention. Suppose, after the jury had been impaneled and sworn in the rape case, and before the State had been compelled to make an election, the court had improperly directed a verdict for defendant, or had done any other act which would have entitled the defendant to a discharge, would it be contended that the defendant had not been in jeopardy as to every act or offense included within the statute of limitations? Could the State

upon another trial, or upon the return of another indictment, covering the same period of time, successfully contend that, as it had made no election, there was no jeopardy as to any offense? Could it say that it intended, if called upon to make an election, to select one act, and that the second trial or the second indictment was for another? Manifestly, each of these propositions must be answered in the negative. What difference, then, does it make that upon the trial of the rape case the State did elect to rely upon a certain transaction or a certain date? None, as we think.

It must be remembered that in actions of this kind the State may prove as a part of its case every act of sexual intercourse between the parties within the period of the statute of limitations; and every act so proved would undoubtedly, under the conceded facts in this case, have constituted both incest and rape. When compelled to elect, the State undoubtedly chose that act which it had the most evidence to sustain; and the verdict in the rape case was surely an acquittal of all acts which would constitute rape committed within the period covered by the indictment. That is to say, it was, in effect, a finding that the defendant had not had intercourse with the girl at any time within the period of time covered by the two indictments. *State v. Stone,* 75 Iowa, 215. But for a statute which prohibits the charging of two separate offenses in the same indictment, the crime of rape may be charged in one count of an indictment and the crime of incest in another. *Porath v. State,* 90 Wis. 527 (63 N. W. Rep. 1061, 48 Am. St. Rep. 954); *Com. v. Parker,* 146 Pa. 343 (23 Atl. Rep. 323); *Com. v. Goodhue,* 2 Metc. 193; *Com. v. Squires,* 97 Mass. 59. So also, may fornification and rape be joined. *Jackson v. State,* 91 Wis. 253 (64 N. W. Rep. 838). This being true, it follows, we think, that an acquittal in such a case is an acquittal of both offenses during the period covered by the indictment. The mere fact that these offenses cannot now be joined in this State under our criminal procedure does not change the rule as to the effect

of an acquittal.   In *State v. Thomas,* 53 Iowa, 214, it was
held by a divided court that rape and incest cannot be charged
in the same indictment; or, more properly speaking, that the
crimes charged in that particular case could not be joined.
The soundness of the argument used in that opinion was chal-
lenged in *State v. Hurd,* 101 Iowa, 391, and in the latter case
it is expressly held that incest was there included in the
crime of rape, and that upon a trial for incest proof of rape
upon the prosecutrix might be given.   See pages 402, 403 of
101 Iowa.   See also *State v. Kouhns,* 103 Iowa, 720.

In the absence of statute, it is the general, if not the
universal rule that to sustain a plea of former acquittal it
need not be shown that the offenses are the same.   The test
sustained by all the authorities is whether or not, if what is
set out in the second indictment had been proved under the
first, there could have been a conviction.   When there could,
the second cannot be maintained; when there could not, it
may be.   Or, putting it in another way, and in the manner
in which it is usually stated the test is whether the first in-
dictment was such that the accused might lawfully have
been convicted under it, on proof of the same facts as those
by which the second is to be sustained.   *State v. Stone,* 75
Iowa, 215; *U. S. v. Nickerson,* 17 How. (U. S.) 204 (15 L.
Ed. 219); *Dill v. People,* 19 Colo. 469 (36 Pac. Rec. 229,
41 Am. St. Rep. 254); *Wilson v. State,* 24 Conn. 57; *Rob-
erts v. State,* 14 Ga. 8 (58 Am. Dec. 528); *Smith v. State,*
85 Ind. 553; *State v. Keogh,* 13 La. Ann. 243; *Com. v.
Robey,* 12 Pick. 496; *Rocco v. State,* 37 Miss. 357; *State v.
Jesse,* 20 N. C. 98; *Price v. State,* 19 Ohio, 423; *Parchman
v. State,* 2 Tex. App. 228 (28 Am. Rep. 435); *State v.
Waterman,* 87 Iowa, 255.   In *State v. Hurd, supra,* it is
squarely held that the same testimony may support the charge
of either incest or rape; and, if the indictments cover the
same period of time, it is clear that an acquittal of one is
an acquittal of the other.   In *State v. Mickesell,* 70 Iowa,
176, it is held that a former acquittal of the charge of lar-

ceny is a bar to a prosecution for robbery for the taking of the same money. Here the charges are not the same, but, as said in the opinion: " The acquittal on the former charge then is a judicial determination that he was not guilty of the larceny charged in that indictment, which is the same property that is described in the indictment on which he was convicted. That acquittal is a bar not only to an indictment for the larceny of the property, but for any other offense of which such larceny is an essential element." In *Scott v. U. S.,* Morris (Iowa) 142, it was held that an acquittal for manslaughter is a bar to an indictment for murder, on the theory that the acquittal was a judicial determination that the defendant did not unlawfully take the life of the deceased, and, consequently, was not guilty of any offense of which such unlawful killing was a necessary element. In *State v. Gleason,* 56 Iowa, 203, it was held that a conviction for petit larceny before a justice is a bar to a subsequent prosecution on indictment for larceny from the person; the reason given being that, if defendant had been acquitted before the justice, this would have been a bar to another prosecution for stealing from the person, because if he was not guilty of larceny, he could not be of stealing from the person. In *State v. Murray,* 55 Iowa, 530, it is held that a conviction for petit larceny is a bar to a prosecution for grand larceny based upon the same facts. In *State v. Copper,* 13 N. J. 361 (25 Am. Dec. 490), it was held that one convicted of arson could not afterwards be tried for murder, in the commission of the same arson, where the statute imposed the penalties of murder for such arson. In *State v. Lewis,* 9 N. C. 98 (11 Am. Dec. 741), it was decided that, where two indictments for a felonious taking of goods were found against a prisoner, one charging him with burglary and larceny and the other with robbery, and under the first indictment he was convicted of larceny, he could not be tried upon the second indictment. See, also, *Roberts v. State, supra.*

These general rules are practically conceded by the State,

but counsel contend that, as the State elected in the one case to rely upon an act of intercourse said to have been committed on October 28th and in the other upon an act committed on November 12th, they do not apply, and are not controlling.   This proposition is unsound.   When the jury was sworn in the rape case, defendant was in jeopardy as to every act of intercourse committed by him with the prosecutrix during the period covered by the indictment; and upon a verdict of not guilty being returned the State could not have reindicted and tried him for an act of intercourse committed at some time within the period covered by the indictment, for which the State did not elect to prosecute.   This is fully established by the authorities already cited.   If the acts of intercourse with the prosecutrix were entirely distinct and separate offenses, and could not have been proved under the original charge of rape, there would be much force in the position taken by the State.   But in these sexual offenses it is competent for the State to prove any and all acts of intercourse between the parties during the time covered by the indictment at least; and the defendant, for his own protection, and to enable him to make his defense intelligently, may require the State to elect upon which act it will rely. *State v. Hurd, supra.* ` But when election is required all the testimony as to other acts remains in the case, and as said in *U. S. v. Harmison,* Fed. Cas. No. 15,308 (3 Sawy. 556), the test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense.   That defendant was in jeopardy as to every act of sexual intercourse between him and the prosecutrix covered by the indictment for rape is very clear.   The defendant may waive his right to move for an election on the part of the State, and if he does so, there is no doubt of the rule here announced.   When he does move, and the election is made, he is nevertheless compelled to or may meet all the acts put in evidence by the State.   In many cases the election is said to rest in the sound discretion of the trial court,

and when made it is for the benefit of the defendant to enable him to properly meet the charge; and, as said in the Hurd Case, *supra:* " There is a manifest difference between cases in which the evidence as to other offenses is properly admitted (as in this case) as bearing upon the particular offense and where it is not admissible." In rape and other like cases an election may be required, but all the testimony as to other acts of sexual intercourse remains in the case, having probative force, and the effect is that the defendant is in jeopardy as to each. The State, in electing to prosecute for the one, in legal effect waives all the others, save that the others remain in evidence as a part of the State's case. *State v. Smalley,* 50 Vt. 738. This is undoubtedly the rule as to continuing offenses; and we think it also applies where the offenses are of the same nature or species, so that the evidence which proves the one would also prove the other. *Holt v. State,* 38 Ga. 187. In *Commonwealth v. Arner,* 149 Pa. 35 (24 Atl. Rep. 83), it is expressly held that one who has been convicted of fornication and bastardy cannot thereafter be tried for rape for the same act. See, also, *Lynch v. Com.* 18 Ky. 145 (35 S. W. Rep. 264), and *Bryant v. State,* (Ark.) 81 S. W. Rep. 234.

But, whatever the rule at common law and in other jurisdictions, the matter is settled for this State by statute. Code, section 5405, provides that a verdict of not guilty imports an acquittal on every material allegation in the indictment. In the rape charge time was not material, and the State could have shown, as it did, intercourse between the parties at any time within eighteen months prior to the finding of the indictment. The effect of the allegation in the indictment was that within eighteen months prior to the time of the finding thereof defendant had had intercourse with the prosecutrix. The verdict in the rape case acquitted him of that charge. Unless he did have intercourse with her, he was not guilty of incest. The two indictments cover the same period of time, and, while the offenses charged are not necessarily the

same, they are of the same nature or species — that is to say, are both sexual offenses — and evidence which would prove the one would also prove the other.   Identity of the transactions relied upon is not a proper test, for a single act or transaction may contain elements each of which are crimes under different statutes; and, as we have already seen, identity of charge is not the test.   It is enough if an acquittal of one shows that the defendant could not have been guilty of the other.   1 Chitty's Criminal Law, 452–456.   In *State v. Waterman,* 87 Iowa, 255, in construing the statute already referred to, we held that an acquittal upon an indictment for obstructing a highway was a bar to another indictment which covered a part of the time included within the first indictment.   This was not because the offenses were each continuing in character, but because there were common elements in the two charges covering a part of the same period of time, to-wit, first, the existence of a highway, and second, its obstruction by the defendant.   Applying the test heretofore given as to whether the evidence to support the second indictment would have justified a conviction under the first, we found that, as the time in the two indictments overlapped, the same evidence might have supported either charge, and that, as the highway was the same in each case, and the evidence as to the obstruction might have been the same for a part of the period covered by the two indictments, an acquittal on the former indictment was a bar to a prosecution under the latter.   Further, it was said that under the provisions of the statute to which we have referred the acquittal under the first indictment was a finding that there was no highway which the defendant could obstruct; that this finding was conclusive, and could not be again inquired into in the same kind of a criminal action.   That the crimes of incest and rape are of the same general nature — that is to say, are sexual crimes — has already been shown, and, if there were any time any doubt about this proposition, it is now settled by the Hurd Case, *supra.*   In both rape and incest the crim-

inal act is the unlawful carnal knowledge of a woman. As the offenses are of the same nature and species, the rule announced in *Stale v. Waterman, supra,* must govern, and unless we overrule that case we must reverse this.

Believing that that case was correctly decided, and that under well-known and familiar rules the doctrine of *autrefois acquit* applies, we must hold that the trial court was in error in its rulings with reference to the plea of former acquittal. The judgment must therefore be, and it is, *reversed.*

McCLAIN, J. (dissenting).—The general rule announced in the majority opinion for determining whether there has been former jeopardy is to look at the language of the former indictment, and if, under that indictment, the crime for which conviction is sought in the second prosecution might have been punished, then defendant has been already in jeopardy. Such a rule sounds plausible, and would be reasonable if it were necessary in the indictment to so describe and identify the transaction charged as a crime that it could be distinguished by such description from every other transaction, and if it were required that the proof correspond to the allegations in every particular. But the technical requirements of the law as to allegations and proof in criminal prosecutions have been so far ameliorated by construction and by statute that under an indictment which is as specific as required any one of many distinct and independent transactions might be proven. Time and place need not, in general, be proven as charged, and where the crime relates to chattel property, a description by genus and number is usually sufficient. It will not be questioned that an indictment for stealing a horse would be sufficient if it charged that defendant, at a time and place named, did feloniously take, steal, and carry away one horse, of the goods and chattels of A. B., of the value of $100. Yet under such an indictment the State might prove the transaction relied upon to have been committed at any time within the period of limitations, and

at any place within the jurisdiction of the court, and the particular description of the animal as to its age, color, and value would be wholly immaterial.  Now, under the rule adopted by the majority, if defendant has been put on trial on such indictment, and convicted or acquitted under evidence tending to show that he stole a white horse twenty-five years old, of the value of $50, from A. B.'s barn in Des Moines on the 1st day of January, 1905, he cannot be subsequently tried for the act of stealing a black horse six years old, of the value of $500, from A. B.'s pasture lot ten miles away (if in the same county) on the 1st day of November, 1904. Or, to use another illustration, if defendant is put on trial for embezzling $5 of the money of A. B., he cannot be subsequently put on trial for an embezzlement of another $5 before the finding of the first indictment.  As only one larceny or one embezzlement can be charged in one indictment, a defendant can be punished for but one larceny of a horse or one embezzlement of $5 committed before he is first indicted for one of such crimes, no matter how many such crimes he may have committed.  This seems to me a most peculiar result, and not justified by any authority among the many cited in the majority opinion.  In *State v. Gallaugher*, 123 Iowa, 378, the writer of this dissent has already expressed his dissatisfaction with the construction of our statutes mitigating the rigors of criminal procedure, so as to turn them into pitfalls for the prosecution.  It is true, the majority would allow the court to look at the particular transaction sought to be proven on the second trial to discover whether it might have been proved under the first indictment as constituting a crime, or an essential element of the crime charged in the first indictment; but the prosecution is not to be allowed to show what particular transaction was sought to be proven under the first indictment for the purpose of showing that the two transactions are wholly distinct.  Evidence of the identity of the transactions is to be admitted to set the defendant free, although the indictments are for different

crimes; but evidence that the transactions are wholly distinct is to be rejected, although the result is to relieve the defendant from punishment for one of two independent crimes which he may have committed. If defendant is indicted for the first crime before he commits the second, he may be punished for both; but if the first is not discovered until after he has committed the second, then he can be punished for but one. I should hesitate to make such a suggestion in a public way, encouraging a criminal who has stolen one horse or embezzled one $5 bill to continue to steal horses or embezzle $5 bills from the same person with the assurance that, no matter how many times the crime is committed before an indictment is returned for one of them, he can be put on trial but once and for a single transaction — provided he is careful to steal but one horse or embezzle but a single sum of $5 at a time — if I did not feel sure that the court would repudiate the rule when put to the test in such a case.

The majority lay emphasis on the right of the State to elect which of several transactions it shall attempt to establish, but why should it be required to elect when there have been two distinct crimes? Why should it not be allowed to try the defendant for each? But in this particular case stress is laid on the fact that evidence of different transactions was admitted before the State made its election. The time of election was immaterial, for, as the majority say, the evidence of other acts would have been admissible in this case though the State had from the beginning been insisting on conviction for one specific act of criminal intercourse. Nor is this rule peculiar to rape or incest cases. In a prosecution for embezzlement, or for obtaining property by false pretenses, proof of other transactions of the same kind may be shown as throwing light on the purpose or intent of the defendant in the act for which conviction is sought. Incest is no more a continuing offense than is rape or embezzlement, and, if there have been two distinct acts of criminal intercourse, there have been two crimes, for each of which a pun-

ishment may be and should be imposed; and the majority lays down the broad rule that, if the State might have relied on the second transaction in the trial under the first indictment, defendant cannot be tried for the second even if he also committed the one sought to be proven on the former trial. I should not complain of this rule if it were well established, and in general necessary in the administration of the criminal law, although in some instances it might lead to unfortunate results. But, in my judgment, it has never been recognized in this State, for I have an entirely different understanding of *State v. Waterman,* 87 Iowa, 255, from that expressed by the majority. As will appear from the elaborate discussion of that case in the majority opinion, it is ambiguous, to say the least. None of the cases cited from other States lead necessarily to the conclusion which the majority draws from them. The rule which I think should be adopted is that the second prosecution will be barred only where the transaction for which defendant has once been prosecuted is the same as that for which he is proceeded against on the second prosecution, or at least involves the same acts. That identity of transactions is the controlling consideration, is the rule of the greatest number of cases, especially of the modern cases. See *State v. Hornsby,* 8 Rob. 583 (41 Am. Dec. 314); *State v. Norvell,* 2 Yerg. 24 (24 Am. Dec. 458); *State v. Colgate,* 31 Kan. 511 (3 Pac. Rep. 346, 47 Am. Rep. 507); *State v. Cooper,* 13 N. J. Law, 361 (25 Am. Dec. 490); *Roberts v. State,* 14 Ga. 8 (58 Am. Dec. 528), and notes; *Holt v. State,* 38 Ga. 187; *Wilcox v. State,* 6 Lea, 571 (40 Am. Rep. 53); *State v. Klugherz,* 91 Minn. 406 (98 N. W. Rep. 99); *Gully v. State,* 116 Ga. 527 (42 S. E. Rep. 790); *Nicholson v. Commonwealth,* 91 Pa. 398; *Commonwealth v. Arner,* 149 Pa. 35 (24 Atl. Rep. 83). That parol evidence is admissible to show what transaction was sought to be proven in the first prosecution is well settled. *Nielson, Petitioner,* 131 U. S. 176 (9 Sup. Ct. 672, 33 L.

Ed. 118); *State v. Waterman,* 87 Iowa, 255, and cases there cited.

The court committed no error, as I think, in convicting the defendant of incest on proof of a different act of sexual intercourse from that for which it sought to convict the defendant on the former trial for rape. I cannot agree that the acquittal for a rape which the prosecution sought to show was committed on October 28th was an acquittal of incest which the prosecution in the second case sought to show was subsequently committed on the same person.

SHERWIN, C. J., concurs in the dissenting opinion.