## Commonwealth *v.* Arner, Appellant.

[Marked to be reported.]

*Twice in jeopardy—Minor and major offence—Fornication and bastardy, and rape—Act of March 31, 1860.*

Where a greater offence includes a lesser one, a verdict on an indictment for the minor offence only is a bar to a trial on an indictment for the greater offence.   The same principle applies, if the jury are out in the first case when the second is called.

This is not a mere technical rule of procedure; it is a substantial one, which is founded in reason, and is in harmony with the constitutional mandate that no person shall be subject to be twice put in jeopardy for the same offence.

The defendant having been indicted upon the same facts for fornication and bastardy, and statutory rape, was tried on the former charge; and, before the jury had rendered a verdict, was required to plead to the indictment for rape: *Held*, that the first trial was a bar; and that the defendant was within the spirit of the act of March 31, 1860.

Argued Feb. 3, 1892.    Appeal, No. 47, Jan. T., 1892, by defendant, from judgment of court of oyer and terminer, Lehigh Co., June sessions, 1891, No. 31, on verdict of guilty.    Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

|149   35|
|165   224|

149      35
e 33 SC  172

Rape under the act of May 19, 1887.

The main facts appear by the opinion of the Supreme Court. The jury in the court below were first sworn to try the issue on the plea of once in jeopardy. On this trial the court below by ALBRIGHT, P. J., instructed the jury: [" The court say to you that said former trial is not a bar to this prosecution, and if you accept that view of the law you will find on this issue in favor of the commonwealth."] [1]

The jury having found for the commonwealth on this issue, was then again sworn as to the general issue on the indictment. The defendant's point, negatived, was as follows: " Under the law and the evidence in this case the verdict must be for the defendant." [2]   A motion in arrest of judgment was overruled; [3] the court saying:

" It is conceived that there is no foundation for the complaint that defendant ought not to have been tried and be punished in this case because of the trial in No. 30 to this term for fornication and bastardy. What defendant was convicted of in this case—the charge in 3d count and in No. 30—was in substance one offence, that is fornication with the incident that the female was under sixteen and the defendant over that age, with the consequence of the begetting of a child. All could have been included in one indictment. The sentence will be the same as if all had been included in one bill. The court, however, does not decide that the second bill (No. 31) did not lie.

" In No. 30 the only issue was the paternity of the child. The defendant testified that he had carnal intercourse with prosecutrix on July 5, 1890, but not on June 8, 1890 (she testified to intercourse on both of said days). Therefore and because of the nature of the sentence proposed to be imposed, but one fine and costs in one case, and because he was convicted in both cases, he is practically without ground of complaint."

*Errors assigned* were (1) charge as above, quoting it; (2) negativing defendant's point, quoting it; (3) overruling motion in arrest of judgment, and (4) imposing sentence.

*Edward Harvey*, with him *A. G. Dewalt*, for appellant.

It is a venerable maxim of the criminal law that *nemo debet bis puniri pro uno delicto*: Broom's Leg. Max. 341. Under it the plea of autrefois convict, or a former conviction for the

same identical crime, though no judgment was ever given, or perhaps will be, is a good plea in bar to an indictment: 4 Bl. Com. 336.    Test is whether the evidence necessary to support the second indictment would have been sufficient for conviction on first: Com. v. Conner, 9 Phila. 591; Dominick v. State, 40 Ala. 680; Com. v. Trimmer, 84 Pa. 69; Hilands v. Com., 114 Pa. 372; Dinkey v. Com., 17 Pa. 128.

The commonwealth could have charged rape, and fornication and bastardy arising out of the same transaction, in the same indictment: Henwood v. Com., 52 Pa. 426; Harman v. Com., 12 S. & R. 69; Stevick v. Com., 78 Pa. 460; Com. v. Bidsall, 69 Pa. 482; Hunter v. Com., 79 Pa. 503; Fulmer v. Com., 97 Pa. 503; Staeger v. Com., 103 Pa. 469.   Not having done so and having made her election of the minor charge, she cannot try the defendant for the same criminal act under a graver name: Whar. Crim. Pl. & Pr. §§ 465, 456, 896; State v. Shepard, 7 Conn. 54; Dinkey v. Com., supra; 11 Am. & Eng. Encyl. of Law, 936; State v. Cooper, 13 N. J. L. 362; Gorman v. Com., 124 Pa. 542; Nicholson v. Com., 91 Pa. 392; Hunter v. Com., supra.

The 51st sect. of the act of March 31, 1860, (P. L. 442,) is conclusive in this case.

*Jas. L. Schaadt*, with him *Harry G. Stiles*, district attorney, for appellee.—The plea of once in jeopardy applies only to capital cases: Const. of Pa., art. I, sect. 10; Hiland v. Com., 111 Pa. 1; Com v. Cook, 6 S. & R. 578; Com. v. Clue, 3 Rawle, 498; McFadden v. Com., 23 Pa. 12; Alexander v. Com., 105 Pa. 1; Com. v. Fitzpatrick, 121 Pa. 109; McCreary v. Com., 29 Pa. 323.   It presupposes a swearing of the jury, and their discharge without verdict: Wh. Cr. Pl. & Pr. § 491.

The plea of former conviction was not made here; nor could it be, as no verdict had then been delivered in the f. and b. case: Wh. Cr. Pl. & Pr. § 491.   A conviction without judgment is no bar: Id. § 435.

The age of the prosecutrix was not shown in the f. and b. case; and, therefore, the act of March 31, 1860, did not apply: Wh. Cr. Pl. & Pr. §§ 456, 465; State v. Hattabough, 66 Ind. 223.

Here there were two distinct acts of unlawful intercourse.

Both charges might have been included in one indictment, and therefore the defendant has not been injured : Hunter v. Com., 79 Pa. 508 ; Dinkey v. Com., 17 Pa. 126.

OPINION BY MR. JUSTICE McCOLLUM, April 25, 1892 :

Two indictments were preferred against the appellant for one act of unlawful carnal intercourse, committed on June 8, 1890, with Elsie L. Weller, who was then under the age of sixteen years. In one he was charged with fornication and bastardy, and in the other with rape, as defined by the act of May 19, 1887, P. L. 128. On June 1, 1891, he was tried on the indictment for fornication and bastardy, and the case was submitted to the jury, but, before a verdict was returned in it, he was required to plead to the indictment for rape. To this he replied, " not guilty and once in jeopardy," and, specially, the facts above recited. The learned judge ruled that these facts were not a bar to the prosecution, and the trial proceeded on the other pleas. There was a verdict of guilty in each case. In the one first tried, the appellant was sentenced to pay to the prosecutrix $40 for lying-in expenses and past maintenance of the child, and the further sum of $1 per week for its support during the next seven years, if it should live so long. In the other case he was sentenced to pay the costs, a fine of $100, " and undergo an imprisonment, by separate and solitary confinement at labor, in the Lehigh county prison, for the period of one year and six months." From the judgment on the indictment for rape this appeal was taken.

Fornication is a misdemeanor, for which an indictment lies, and a fine not exceeding $100 may be imposed. It is also a constituent of incest, adultery, seduction under promise of marriage, and rape. On the trial of an indictment for either of the offences which include it, the defendant may be convicted or acquitted generally, or he may be acquitted of the major and convicted of the minor offence. In either case the verdict is a bar to a prosecution for the included misdemeanor. One acquitted or convicted of an offence, which necessarily includes a lesser one, cannot afterwards be convicted of the latter offence : Am. & Eng. Ency. of Law, vol. 11, p. 941, and cases cited : Dinkey v. Commonwealth, 17 Pa. 126 ; Com. v. Heikes, 26 Pa. 513. It is no objection to the application of this prin-

ciple, that the major offence is a felony, and the minor one a misdemeanor : Hunter v. Commonwealth, 79 Pa. 503.

A verdict of acquittal or conviction on an indictment for the minor offence, is a bar to a trial on an indictment for a crime which includes it. On this point the rule is thus stated in Am. & Eng. Ency. of Law, vol. 11, p. 939 : " Where a greater offence includes a lesser one, being placed in jeopardy under an indictment for the included offence only, constitutes a bar to a prosecution for the greater offence." When the appellant was required to plead to the indictment for rape, he was in jeopardy, under the indictment for fornication, and, pending the deliberations of the jury in that case, he could not be lawfully subjected to a second trial for the same act.

If the age of the prosecutrix, and the age of the appellant, appeared in evidence on his trial for the misdemeanor, he would be within the letter, as he is within the principle and spirit of § 51, of our act of March 31, 1860, which provides that, " if, upon the trial of any person for any misdemeanor, it shall appear that the facts given in evidence amount in law to a felony, such person shall not by reason thereof be entitled to be acquitted of such misdemeanor; and no person tried for such misdemeanor shall be liable to be afterwards prosecuted for felony on the same facts, unless the court, before whom such trial may be had, shall think fit, in its discretion, to discharge the jury from giving any verdict on such trial, and direct such person to be indicted for felony." It was within the knowledge of the court, and of the prosecuting officer, that the same act which was charged in one indictment as fornication, was laid in the other as rape, and that the evidence relied on to prove its perpetration was the same in each case. It may be that under the circumstances and the provision of the criminal procedure act we have quoted, an order discharging the jury " from giving any verdict upon " the trial for the misdemeanor, would have cleared the way for a lawful conviction on the indictment for the felony. But a conviction on both indictments cannot be sustained. The commonwealth having, with full knowledge of the facts, elected to proceed to trial and judgment for the minor offence, cannot now prosecute an indictment for the felony which included it. This is not a mere technical rule of procedure; it is a substantial one, which

is founded in reason, and is in harmony with the constitutional mandate, that no person shall be subject to be twice put in jeopardy for the same offence.

Its violation cannot be cured by any modification or apportionment of sentences to meet the supposed equities of the case, and any seeming miscarriage of justice, resulting from its enforcement, is not the fault of the law, but of noncompliance with it.

All the specifications of error are sustained.

Judgment reversed, and appellant, Benjamin Arner, discharged.