**Application of MURRA.**

**No. 9327.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 11, 1948.

Rehearing Denied April 16, 1948.

SPARKS, Circuit Judge, dissenting.

———◆———

William H. King, Jr., Richard H. Merrick, and Henry Heineman, all of Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., and John P. Lulinski and Francis J. Cody, Asst. U. S. Attys., all of Chicago, Ill. (Dewey G. Hutchinson, Immigration and Naturalization Service, of Chicago, of counsel), for appellee.

Before SPARKS, MAJOR and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order entered January 17, 1947, denying and dismissing petitioner's petition for naturalization filed November 21, 1944. The Immigration and Naturalization Service conducted a preliminary hearing, as provided by Sec. 733(a) and (b), Title 8 U.S.C.A., and recommended that such petition be denied, stating as a reason therefor: "Petitioner has failed to establish that he has been attached to the principles of the Constitution and well disposed to the good order and happiness of the United States for the period required by law; also, petitioner has failed to establish good moral character during the period required by law."

A final hearing upon such petition was had in open court, as provided by Sec. 734 (a) and (b), Title 8 U.S.C.A., and a number of witnesses were heard. It appeared from a colloquy between the court and counsel for the Immigration and Naturalization Service that the same objections were interposed to the granting of the petition as had been assigned by the Immigration and Naturalization Service as its reasons for denial. No findings of fact or conclusions of law were made by the District Court. The record shows only that at the conclusion of the hearing the court ordered that the petition "is hereby denied and that said petition be and is hereby dismissed."

Most of the testimony at the hearing before the court was directed at the contention that petitioner was not "attached to the principles of the Constitution," and it related almost, if not entirely, to petitioner's statements, activities and conduct prior to five years before the filing of his petition for naturalization. There was also testimony relevant to the contention that petitioner was not "a person of good moral character." The government argues here that the five year period designated by Sec. 707(a), Title

8 U.S.C.A., is a minimum period and that testimony beyond that period may be utilized for the purpose of disqualifying a petitioner. We need not presently consider or decide the validity of this contention.

We are now confronted with a situation, in the absence of any findings by the court, as to whether the petition was denied because petitioner was not a person of good moral character or whether it was because he was not attached to the principles of the Constitution, or both. Nor do we know whether the petition was denied on testimony concerning petitioner's activities and conduct during the five year period immediately preceding the filing of his petition or the testimony as to his activities and conduct prior thereto.

■ While the question was not raised except during oral argument before this court, we think it is an appropriate occasion on our own volition to consider and decide whether a District Court is required to make findings of fact and enter its conclusions of law in a proceeding of the instant character. Fairness to the parties, to the court below as well as this court suggest the importance of such a ruling. The question requires a determination as to whether Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is applicable. This rule provides: "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *." This rule, if applicable, is mandatory. Bach et al. v. Friden Calculating Mach. Co. et al., 6 Cir., 148 F.2d 407, 409–411.

Evidently this rule is controlling unless made inapplicable by Rule 81(a) (2), which provides: " * * * they [the rules] are not applicable otherwise than on appeal except to the extent that the practice in such proceedings is not set forth in statutes of the United States * * * admission to citizenship, habeas corpus, quo warranto, and forfeiture of property for violation of a statute of the United States."

The language of this rule indicates that it was the purpose to make the rules inapplicable to the category of proceedings therein enumerated only where the practice in such proceedings was provided by statute. To put it another way, if the practice in such proceedings was provided for by statute, the rules become inoperative but if the practice is not so provided for they are controlling and Rule 81(a) (2) is of no consequence. It seems obvious that this rule was for the purpose, as to the proceedings therein designated, of avoiding conflict between procedure prescribed by the rules and that prescribed by statute.

It is necessary, therefore, to consider the statutory procedure in a naturalization proceeding with the view of ascertaining if the practice thereby provided conflicts with the requirements of Rule 52. Sec. 733, Title 8 U.S.C.A., provides for preliminary hearings before a commissioner who is authorized and directed to take testimony, to make findings upon such preliminary hearing and to make recommendations to the court that the petition be granted, or denied, or continued, with the reasons therefor. Sec. 734 relates to final hearings and provides that such hearings "shall be had in open court before a judge or judges thereof, * * * and upon such final hearing of such petition the applicant, and, except as provided in subsection (b) of this section, the witnesses shall be examined under oath before the court and in the presence of the court." Subsection (b) provides in effect that a hearing in open court is not required where a preliminary hearing has been had before an Examiner, "except that the court may, in its discretion, and shall, upon demand of the petitioner, require the examination of the petitioner and the witnesses under oath before the court and in the presence of the court."

■ It thus appears that there are two ways in which a petition for naturalization may be disposed of: (1) the court may act upon the report of an Examiner who has conducted a preliminary hearing and who is required to make findings upon which his recommendation is predicated; and (2) a hearing in open court where the witnesses must be examined before the court and in the presence of the court. It should be observed that this hearing before the court is not a discretionary matter but must be had in all cases "upon demand of the peti-

tioner." Thus, the hearing before the court is not for the purpose of reviewing the recommendations of the Examiner; it is a hearing de novo and it is obvious that the court must decide the issues upon the testimony which it hears, and that neither the testimony heard by the Examiner, his findings, nor his recommendation are of any consequence.

The statute prescribes no procedure to be followed by the court after he has heard the testimony. While the Examiner on the preliminary hearing is required by the statute to make findings, there is no such statutory requirement on the part of the court when it hears and decides the issues on the testimony heard in open court. The procedure, therefore, not having been prescribed by statute, we see no reason to think that Rule 81(a) (2) has any application. Rule 52 is not in conflict with, in fact it complements, the statutory procedure where a naturalization petition is heard in open court. The purpose sought to be accomplished by Rule 52 is just as desirable in a proceeding of the instant character as any other, and the importance to the reviewing court of having the benefit of findings by the trial court is also just as important.

We are of the view, therefore, that Rule 52 is applicable to a proceeding of the instant character and that the court below is required to make findings of fact and conclusions of law as the basis for an appropriate judgment. The question, so far as we are aware, has not been decided, but there are cases which by analogy furnish strong support to this view.

In Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392, wherein the court had before it the question as to whether a hearing in a habeas corpus matter could be referred to a commissioner under Rule 53(a) and (b), the court held the rule inapplicable because it was in conflict with the habeas corpus statute, which provided for a hearing by the court. The court stated, 313 U.S. at page 353, 61 S.Ct. at page 1019: "The District Judge should himself have heard the prisoner's testimony and, in the light of it and the other testimony, himself have found the facts and based his disposition of the cause upon his findings."

Also, in the recent case of Von Moltke v. Gillies, etc., 68 S.Ct. 316, 325, decided by the Supreme Court January 19, 1948, which is another habeas corpus proceeding, the judgment was reversed and remanded to the District Court "so that it may hold further hearings and give consideration to, and make explicit findings on, the questions of fact * * *." Habeas corpus like naturalization (admission to citizenship) is one of the proceedings enumerated in Rule 81(a) (2). Both proceedings are in precisely the same category and if the court is required to make findings in a habeas corpus proceeding, it would seem to follow that it must do so in a naturalization proceeding.

Another case pertinent by analogy is that of C. C. Co. v. United States, 5 Cir., 147 F.2d 820, 824, where the court held that findings of fact are required in accordance with Rule 52 in a proceeding for the forfeiture of property, which is another of the actions enumerated in Rule 81(a) (2). Two District Courts have held that the Rules of Civil Procedure are applicable to naturalization proceedings except to the extent that the practice therein is otherwise defined by statute. Application of Levis, D.C., 46 F. Supp. 527, 529, and Petition of Weltzien, D. C., 68 F.Supp. 1000, 1002.

The order appealed from is reversed and remanded, with directions that it be vacated and that the court make its findings of fact and conclusions of law as a basis for its judgment as required by Rule 52 of the Federal Rules of Civil Procedure.

SPARKS, C. J., dissents.