Commonwealth *v.* Rednock, Appellant.

Argued October 11, 1949. Before RHODES, P. J., DITHRICH, ROSS, ARNOLD and FINE, JJ. (HIRT and RENO, JJ., absent).

*J. Harry Pershing,* with him *Adam B. Shaffer* and *Arthur D. Stevenson,* for appellant.

*Arthur D. Gatz, Jr.,* Assistant District Attorney, with him *William S. Rahauser,* District Attorney, for appellee.

OPINION BY ROSS, J., November 22, 1949:

The defendant was tried on an indictment charging fornication and bastardy. The testimony of the prosecutrix that he was the father of her child was denied by the defendant, who testified that he never had intercourse with her. Two of his friends testified that they

had intercourse with the prosecutrix about the time the child was conceived, which was denied by her. The jury accepted her testimony as true, disbelieved the testimony of the defendant and his witnesses and returned a verdict of "guilty as indicted". The defendant's motion for a new trial was refused and he took this appeal.

In its charge, the trial court, referring to the charge of fornication and bastardy, stated to the jury: "It is really two offenses; one is the act of fornication and the other is of being the father of the child conceived by reason of the act of fornication." However, at no place in his charge did he instruct the jury that it could acquit of the bastardy but convict of fornication. At the end of the charge, the defendant requested the court to "specifically instruct the jury that in addition to bringing in a verdict of guilty or not guilty as indicted, they could also bring in a verdict of fornication and not guilty of bastardy". This request was refused and its refusal is the only error assigned by the appellant.

As stated by the trial court, fornication and bastardy are two offenses,[1] and on the trial of an indictment charging them a jury could acquit of the bastardy but convict of the fornication. Even after conviction of fornication *and* bastardy, we have in certain circumstances set aside the conviction of bastardy and remitted the record to the court below for the sentencing of the defendant on the conviction of fornication alone. *Com. v. Young,* 163 Pa. Superior Ct. 279, 60 A. 2d 831; *Com. v. Jodlowsky,* 163 Pa. Superior Ct. 284, 60 A. 2d 836. Consequently, it was prejudicial error for the trial judge to refuse the defendant's requested instruction.

Judgment reversed with a venire facias de novo.

---

[1] Act of June 24, 1939, P. L. 872, section 506 as amended by section 1 of the Act of May 21, 1943, P. L. 306, 18 PS 4506.