## STEVENS v. UNITED STATES.
### No. 10368.

United States Court of Appeals,
Seventh Circuit.

Heard June 12, 1951.

Decided Aug. 3, 1951.

Rehearing Denied Sept. 4, 1951.

Duffy, Circuit Judge, dissenting.

. C. .B. Hankel, Jr., Joseph W. Grady, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., John M. McWhorter, Chicago, Ill., of counsel, for appellee.

Before MAJOR, Chief Judge, and DUFFY and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

This is an appeal from an order entered by the District Court December 7, 1950, denying appellant's petition for naturalization. The petition was heard in open court, wherein petitioner was represented by counsel and respondent (United States District Director, Immigration and Naturalization Service) by a naturalization examiner. At the conclusion of the hearing, the court, on June 21, 1948, allowed respondent's motion for denial of the petition, from which order petitioner appealed. Subsequently, this court, upon motion of respondent, remanded the case to the District Court, with instructions that its order of dismissal be vacated and with directions that findings of fact and conclusions of law be made upon which to predicate the court's judgment. Upon such remand and without the introduction of any further evidence, the court made its findings of

fact and conclusions of law and entered the order here sought to be reversed.

Inasmuch as the order under attack is dependent upon the findings of fact upon which it rests, it seems appropriate in the beginning to set forth such findings. The court found:

"1. That the petitioner filed his petition for naturalization herein on February 19, 1947, at which time he testified under oath before the duly appointed and acting United States Naturalization Examiner that he had been arrested only once and that was in April of 1946, for speeding, and that he was not fined on such charge, but was discharged.

"2. That the petitioner, John George Stevens, had been, in fact, arrested on fifteen (15) different occasions, to wit, on November 3, 1932, for obtaining money by false pretenses, discharged; on April 22, 1938, automobile traffic violation, fined $2.00; on October 25, 1946, for speeding; and twelve (12) arrests over the period of 1938 to 1942, for failure to pay wages.

"3. That in the course of his naturalization proceedings, the petitioner, John George Stevens, knowingly and wilfully testified falsely with respect to his arrest record, in order to facilitate his naturalization.

"4. That the petitioner, John George Stevens, has failed to establish good moral character during the period required by law."

On the record as presented, the essential question for decision appears to be whether such findings are substantially supported. As the findings disclose, the proceeding was initiated by a petition filed February 19, 1947, and all of the incidents referred to as arrests occurred prior to February 19, 1942, except one for speeding which occurred in October, 1946. It also must be kept in mind in view of these findings that the petition was not denied on account of these arrests but because petitioner before a naturalization examiner "knowingly and wilfully testified falsely with respect to his arrest record, in order to facilitate his naturalization." Therefore, petitioner's argument that arrests prior to February 19, 1942 (the beginning of the five-year period) cannot be considered is beside the point, and there is nothing in the decisions of this court in Application of Murra, 166 F.2d 605 and 178 F.2d 670, to the contrary.

Section 346 of the Act, 8 U.S.C.A. § 746(a) (1), (d)[1] makes it a felony for any person, whether an applicant for naturalization or otherwise, to knowingly make a false statement under oath in a naturalization proceeding, and provides a penalty of not more than $5,000, or imprisonment of not more than five years, or both. We have no doubt but that a false statement knowingly made by an applicant for naturalization in the course of such proceeding would afford a proper basis for denying the application, and it is immaterial that the false statement knowingly made concerned violations which occurred previous to the five-year period. On this point we agree with a recent decision of the Illinois Supreme Court, Sodo v. United States, 406 Ill. 484, 94 N.E.2d 325, and this is so notwithstanding that such violations standing alone would not afford a proper basis for the denial of the petition.

A more serious question arises from petitioner's contention that the record furnishes no support for the findings upon which the dismissal was predicated. We find it difficult properly to appraise this contention in view of the record with which we are presented. The court heard the testimony of petitioner and two other witnesses in support of the petition. It also had before it the report of the naturalization examiner, which contained findings based upon evidence taken at a preliminary hearing before a field officer, which were adopted by the examiner, together with the recommendation of the latter that the petition be denied. Evidently the court's findings were predicated in the main upon the findings contained in such report. Petitioner's main contention is that this report and its contents were not properly before the court and furnish no support for the findings.

I. 1948 Revised Criminal Code, 18 U.S.C.A. § 1015.

In support of this argument, petitioner places much reliance upon the decisions of this court in Application of Murra, 166 F.2d 605 at page 607 and 178 F.2d 670, and particularly the statement contained in our former decision: "Thus, the hearing before the court is not for the purpose of reviewing the recommendations of the Examiner; it is a hearing de novo and it is obvious that the court must decide the issues upon the testimony which it hears, and that neither the testimony heard by the Examiner, his findings, nor his recommendation are of any consequence."

However, it should be kept in mind that immediately preceding the statement just quoted we said, "It should be observed that this hearing before the court is not a discretionary matter but must be had in all cases 'upon demand of the petitioner.' "

In the Murra decisions we attempted to outline the proceeding which the statute requires in a naturalization proceeding, and there is no occasion to repeat the discussion except to call attention more specifically to Title 8 U.S.C.A. Sec. 734(b), which provides: "The requirement of subsection (a) of this section for the examination of the petitioner and witnesses under oath before the court and in the presence of the court shall not apply in any case where a designated examiner has conducted the preliminary hearing authorized by subsection (a) of section 733; except that the court may, in its discretion, and shall, *upon demand of the petitioner,* require the examination of the petitioner and the witnesses under oath before the court and in the presence of the court." (Italics ours.)

Thus, this provision makes plain what we recognized in the first Murra decision, that is, that a petitioner upon demand is entitled to have his application determined from the testimony of witnesses heard before and in the presence of the court.

In the instant case, the record shows no demand on the part of petitioner that such a hearing be had. Neither was there any objection to the proceeding as conducted and, in fact, the record indicates that petitioner acquiesced therein. When the case was called, the examiner read to the court his "recommendation for denial of the petition," which among other things stated: "The evidence of record establishes that the petitioner testified falsely during the course of this proceeding as to his arrest record, and that he did so for the purpose of facilitating his naturalization."

Contained in the recommendation were the facts, findings and conclusions of the field officer's report, which were adopted by the examiner as follows:

"At the time of his preliminary examination and preliminary hearing, alien stated that he was arrested only once and that was in April of 1946, for speeding. He was not fined but was discharged. The Chicago Police Department records obtained were in the form of slips showing each arrest. These slips cover records from November 3, 1932, up to and including October 25, 1946, and disclose the following arrests:

"November 3, 1932, obtained money by false pretense. Discharged.

"April 22, 1938, automobile traffic violation. Fined $2.00.

"And twelve arrest records over the period of 1938 to 1942 for failure to pay wages.

"And one more arrest on October 25, 1946, for speeding."

The examiner also called to the attention of the court an Illinois statute which imposes a penalty upon an employer who refuses to pay wages to his employees under the circumstances therein enumerated.

This report of the examiner thus became a part of the record without any objection from petitioner's counsel. Thereupon, petitioner's counsel made a statement to the court in which he attempted to outline the procedure followed under the Illinois wage statute for the purpose presumably of showing that the offense was not serious and in reality was more in the nature of a civil than a criminal proceeding. When petitioner was called as a witness, his counsel attempted to have him explain, without much success, the matters referred to in the

examiner's report. Thus, we must conclude that petitioner's counsel not only failed to object to the examiner's report and the matters therein contained but that he acquiesced therein, and further that he took cognizance of such matters by examining petitioner relative thereto.

 Under this state of the record, we cannot say that the examiner's recommendation, with the findings therein contained, were not properly before the court and, such being the case, that the findings predicated thereon are without support. Petitioner is in no position, in view of what transpired at the hearing, to press a contention that the arrests enumerated in the examiner's report were other than bona fide, in the absence of proof to that effect.

If petitioner had objected to the proceeding as it was conducted, and particularly had demanded that respondent produce and examine in open court witnesses in support of its recommendation that the petition be dismissed, a different situation might prevail. Whether petitioner would have been better off we do not know, but at any rate we would have a record where the case could be better considered on its merits. Another thing which we take into consideration is the petitioner's testimony which, in place of clarifying the situation, merely adds to the confusion, and we must keep in mind that the burden is upon the petitioner to establish every condition upon which admission to citizenship is dependent. We must also give recognition to the fact that the District Judge who has an opportunity to observe, hear and weigh the testimony of witnesses is in a far better position to evaluate their testimony than is a reviewing court. A reading of the testimony of petitioner and his two witnesses certainly is not convincing that petitioner had sustained the burden, particularly in view of the examiner's report which under the circumstances the court, so we think, was entitled to consider.

The order appealed from is affirmed.

DUFFY, Circuit Judge, dissents.