Commonwealth ex rel. Roberts, Appellant *v.* Keenan.

Argued November 16, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Joseph F. Weis, Jr.,* for appellant.

*Henry R. Smith, Jr.,* Assistant District Attorney, with him *William S. Rahauser,* District Attorney, for appellee.

OPINION BY RHODES, P. J., January 17, 1952:

This is a habeas corpus proceeding before us on appeal by relator from an order of the Court of Common Pleas of Allegheny County discharging rule to show cause, denying the writ, and remanding relator to the Allegheny County Workhouse.

On March 5, 1945, relator, being represented by counsel, entered pleas of guilty or nolo contendere to eight separate bills of indictment in the Court of Oyer and Terminer and the Court of Quarter Sessions of Allegheny County. On the same day sentence was imposed, after testimony was taken on the charges in the respective bills. The sentence on bill No. 45, May Sessions, 1944, charging rape, was for a term of imprisonment in the Allegheny County Workhouse of not less than two years nor more than six years; the sentence on bill No. 28, December Sessions, 1944, charging rape, was for a term of imprisonment in the Allegheny County Workhouse of not less than three years nor more than six years, said sentence to begin at the expiration of the sentence imposed at No. 45, May Sessions, 1944; the sentence on bill No. 100, December Sessions, 1944, charging felonious assault and battery, was for a term of imprisonment in the Allegheny County Workhouse of not less than three years nor more than six years, said sentence to begin at the expiration of the sentence imposed at No. 28, December Sessions, 1944; the sen-

tence on bill No. 14, December Sessions, 1944, charging assault and battery with intent to commit rape, was for a term of imprisonment in the Allegheny County Workhouse of not less than two years nor more than four years, said sentence to begin at the expiration of the sentence imposed at No. 100, December Sessions, 1944. On bill No. 15, December Sessions, 1944, charging assault and battery with intent to commit rape, the sentence was suspended. On bill No. 27, December Sessions, 1944, charging robbery, the sentence was suspended. On bill No. 99, December Sessions, 1944, charging assault and battery with intent to commit rape, the sentence was suspended. On bill No. 326, February Sessions, 1945, charging fornication and bastardy, the order of the court was that relator pay the lying-in expenses of the prosecutrix, and pay for the maintenance of the child the sum of $3 per week until it reaches the age of seven years, and thereafter $3.50 per week until it reaches the age of fourteen years, and that bond be given with surety to guarantee the payments. The consecutive sentences to be served aggregated not less than ten years nor more than twenty-two years.

On May 24, 1951, relator's petition for writ of habeas corpus was presented in the Court of Common Pleas of Allegheny County. An answer was filed by the District Attorney of Allegheny County, and after hearing, on July 9, 1951, the order of the court was entered. Relator's counsel on this appeal has presented three contentions which he has apparently gathered from the record and relator's various complaints in his petition. As relator had counsel at the time he pleaded guilty, it was necessary to claim some other ground that might prove acceptable as a sufficient averment of a lack of due process or the violation of some constitutional right. No factual allegations have been made

which set forth a prima facie violation of federal constitutional rights.

Relator first contends that at the time he entered his pleas and was sentenced on March 5, 1945, he denied he was guilty of the offenses charged in the indictments at Nos. 45, May Sessions, 1944, and 326, February Sessions, 1945, based upon the complaints of one Lillian McCaskill, and of the offense charged in the indictment at No. 28, December Sessions, 1944, based upon the complaint of one Frances Stewart. He asserts, due to this alleged inconsistency, it was improper for the sentencing judge to accept his signed pleas and to sentence him on those bills of indictment, and, although there was no request, the judge should have withdrawn the pleas. We observe no fundamental inconsistency between relator's pleas and his testimony taken at the time and contained in the "plea notes."[1] The testimony of the witnesses who were called clearly established that relator committed the crimes charged in the respective bills of indictment. As to Lillian McCaskill, he merely stated that he had nothing to do "with this girl that night," but he did not contradict her testimony that he had raped her. See *Com. v. Neff,* 149 Pa. Superior Ct. 513, 517, 518, 27 A. 2d 737. As to Frances Stewart, relator's testimony is merely a contradiction of her testimony as to the initiation of their acquaintanceship. Relator was examined by his own counsel who also cross-examined the other witnesses. We have no doubt that the court would have permitted withdrawal of the pleas upon application or request of relator or his counsel at any time before sentence, but the equivocal and vague remarks of relator were not such as to require the court to take such action

---

[1] It was stipulated that these "plea notes" should be included in the record on appeal.

in the absence of a request. Apparently relator's own counsel saw no inconsistency between relator's pleas and his testimony. Relator's present counsel argues that relator did not understand the effect of his action in entering the various pleas, and that his testimony fails to indicate an appreciation of the effect of the pleas. This argument is not substantiated by the "plea notes," and is in conflict with the statement of relator's former counsel, which has been filed in the court below as a part of the present record.[2]

Relator's second complaint is that, after a plea of guilty had been accepted on the charge of fornication and bastardy and sentence imposed thereon, it was improper to sentence relator on a charge of rape growing out of the same incident. Relator's argument is to the effect that his plea of guilty on bill No. 326, February Sessions, 1945, charging him with fornication and bastardy, and the order of the court directing him to pay the lying-in expenses and to support the child, precluded any sentence on the bill (No. 45, May Sessions, 1944) charging him with rape of Lillian McCaskill, as both charges arose out of the same incident, citing *Com. v. Arner,* 149 Pa. 35, 24 A. 83.[3] Relator was indicted on February 16, 1945, for fornication and bastardy, No. 326, February Sessions, 1945. The sentence

---

[2] "I, BLANCHE B. LEVY, represented Walter Roberts in Criminal Court, on March 5, 1945, at which time, he entered pleas of 'Guilty' and 'Nolo Contendre,' to the various indictments listed in his petition for Writ of 'Habeas Corpus.'

"I know that I fully informed him as to the significance of pleas, that he entered said plea[s] voluntarily and that he knew because of his vast previous experiences in Criminal Court, previously to the above date, exactly what he was doing.

"I have not represented him, or been retained by him since."

[3] In *Com. v. Arner,* 149 Pa. 35, 39, 24 A. 83, it was held: "A verdict of acquittal or conviction on an indictment for the minor offense, is a bar to a trial on an indictment for a crime which includes it."

on this bill was imposed on March 5, 1945, at the same time as the sentence on the bill of indictment charging rape, No. 45, May Sessions, 1944. Pleas were entered on both bills on the same day. Rape and bastardy are two separate and distinct crimes. *Com. v. Lewis,* 140 Pa. 561, 21 A. 501. Relator was sentenced for rape and bastardy but he was not sentenced for fornication, the sentence for which offense is a fine not exceeding $100. Act of June 24, 1939, P. L. 872, §506, as amended, 18 PS §4506. Fornication and bastardy are two offenses, and sentence may be imposed for either or both as the facts warrant. *Com.. v. Rednock,* 165 Pa. Superior Ct. 536, 69 A. 2d 447. Since the crime of rape includes the crime of fornication, relator was necessarily sentenced only on the charge of rape from which bastardy resulted as an incident. *Com. v. McCusker,* 363 Pa. 450, 457, 459, 70 A. 2d 273.

Relator's final contention as set forth in his statement of questions involved is that a delay of four days between his arrest and the preliminary hearing during which relator was constantly grilled to coerce a confession is a denial of due process. Relator was arrested on November 4, 1944, for assault and battery with intent to commit rape. In the answer of the District Attorney of Allegheny County to relator's petition it is conceded that no preliminary hearing was held on the charge of assault and battery with intent to commit rape, for which he had been arrested on November 4, 1944, until November 8, 1944 (No. 14, December Sessions, 1944). Warrants of arrest for some of the other offenses were issued on November 8 and 15, 1944, and as to these charges relator was given preliminary hearings on the days of his arrest.[4] Relator

---

[4] Relator in his petition set forth: "That petitioner was arrested April 2, 1944 and charged with rape on complaint by one Lillian McCaskill. Petitioner was given preliminary hearing in Morals Court April 3, 1944."

fails to raise any substantial question in this connection. In the first place, there is no prescribed time within which a preliminary hearing must be held. *Com. v. Shupp,* 365 Pa. 439, 446, 75 A. 2d 587; *Com. v. Agoston,* 364 Pa. 464, 479, 72 A. 2d 575, certiorari denied by the Supreme Court of the United States, 340 U. S. 844, 71 S. Ct. 9, 95 L. Ed. 619; *Lyons v. Oklahoma,* 322 U. S. 596, 64 S. Ct. 1208, 88 L. Ed. 1481. Having entered pleas of guilty and nolo contendere to the respective bills of indictment, the admissibility in evidence of relator's alleged coerced confession is not involved, and there is no allegation that relator's pleas were the result of the same coercion as may have produced relator's confessions assuming that they were coerced. The rule that the use of any confession obtained in violation of due process requires the reversal of a conviction has no application. *Gallegos v. Nebraska,* 341 U. S. 947, 71 S. Ct. 1003, 95 L. Ed. 1371 (November 26, 1951). Relator avers in his petition that his illegal detention by the police, during which he was coerced into confessing, occurred for a period of eleven days following his arrest on November 4, 1944. He further states that he was committed to the Allegheny County jail on November 15, 1944. He makes no averment that he was subjected to any compulsion between the latter date and the time of the entry of his pleas and the imposition of sentence on March 5, 1945, almost four months later. Certainly during this extended period he had ample opportunity to repudiate the confessions allegedly coerced and to advise his counsel of his desire to plead not guilty and to stand trial. There are no comparable circumstances in the present case with those in *Com. ex rel. Sheeler v. Burke,* 367 Pa. 152, 156, 79 A. 2d 654, where the court said that the accused's plea to the indictment for murder and his self-incriminating testimony as well as the confession were the result of coercion. See, also,

*Com. v. Turner*, 367 Pa. 403, 80 A. 2d 708. The following statement in *Townsend v. Burke*, 334 U. S. 736, 738, 68 S. Ct. 1252, 92 L. Ed. 1690, 1692, is applicable and controlling: "In this present case no confession was used because the plea of guilty in open court dispensed with proof of the crime. Hence, lawfulness of the detention is not a factor in determining admissibility of any confession and if he were temporarily detained illegally, it would have no bearing on the validity of his present confinement based on his plea of guilty, particularly since he makes no allegation that it induced the plea."

We may add that on the present record there are no issues to be resolved, and after examination and review thereof it does not appear that relator has been denied any essential of justice.

Order of the court below is affirmed.