**UNITED STATES of America**

v.

**Carmelo MONTALBANO.**

**No. 10267.**

United States District Court
E. D. Pennsylvania.

Aug. 30, 1955.

---

W. Wilson White, Alan J. Swotes, Philadelphia, Pa., for plaintiff.

Filindo B. Masino, Philadelphia, Pa., for defendant.

LORD, District Judge.

Plaintiff seeks to revoke the citizenship of defendant on the grounds of both fraud and illegality by virtue of Section 338(a) of the Nationality Act of 1940, 54 Stat. 1158 (now 8 U.S.C.A. § 1451(a)). The Government contends that defendant's naturalization was procured by fraud in that he represented to the Immigration & Naturalization Service that he had never been arrested, whereas in fact he had a criminal record including three convictions at that time, and by illegality in that he was not a person of good moral character for a period of five years prior to filing his prelimi-

nary application for citizenship on February 15, 1933. Defendant admits the existence of his prior criminal record, but contends that he did not wilfully conceal it from the naturalization examiners, and further, that the offenses for which the defendant was arrested were not of such a nature as to preclude a finding of good moral character.

The defendant was born in Italy in 1898. He emigrated to the United States in 1913 and since that time has resided continuously in this country. His criminal record follows: On December 28, 1922, he was convicted at Wilmington, Delaware of carrying concealed deadly weapons and was sentenced to pay a fine of $400; on December 17, 1928, he was convicted at Philadelphia on eleven bills of indictment charging conspiracy to extort and sentence was suspended; on February 21, 1931 he was indicted in the United States District Court of New Jersey on sixteen counts of transporting stolen motor vehicles in interstate commerce to which he pleaded guilty and was sentenced to five years' imprisonment (suspended) and five years' probation; on December 15, 1932 he was arrested at Newark, New Jersey and charged with illegal possession of lottery tickets; on May 2, 1933 he was convicted in the First Criminal Court of the State of New Jersey as a disorderly person and on the charge of "no owner's license in possession" and sentenced to serve ninety days in the Hudson County Penitentiary. He is presently incarcerated in the New Jersey State Prison where he was sentenced to life imprisonment on a conviction of murder on January 7, 1943.

On February 15, 1931, the defendant filed with the Clerk of the District Court for the District of New Jersey a declaration of his intention to apply for citizenship. On February 15, 1933 he filed his preliminary application for citizenship with the Immigration and Naturalization Service at Newark, New Jersey. Question 29 on the application and the answer thereto as given by the defendant read as follows:

"29. Have you ever been arrested or charged with violation of any law of the United States or State or any city ordinance or traffic regulation?

..........no..........If so, give full particulars......none......"

On March 15, 1933 defendant was interviewed under oath by Naturalization Examiners Halstead and Braden who testified that their notes made at the time positively indicated that he told them both at separate interviews that he had never been arrested. The United States District Court of New Jersey entered its order admitting the defendant to citizenship on September 11, 1933. The order was issued on the recommendations of the naturalization examiners who relied on defendant's representations that he had never been arrested, and such recommendations would not have been made if there had been a full disclosure by defendant.

The case of United States v. Accardo, D.C.N.J., 1953, 113 F.Supp. 783, would appear to be dispositive of the issue. In that case the District Court revoked defendant's citizenship on the grounds of fraud and illegal procurement. There the defendant admitted certain difficulties with the law in his petition for naturalization, but failed to disclose other arrests and convictions. The Circuit Court of Appeals of this Circuit affirmed, per curiam, the action of the lower court. 3 Cir., 1953, 208 F.2d 632. As to the present defendant's contention that his arrests did not show that he was not of good moral character, the District Court said, 113 F.Supp. at page 786:

"* * * Since we here consider defendant's character only, defendant's contentions as to notice to the Government as to some of this record becomes irrelevant, even if this contention were not fallacious. It is too clear for argument that the above fraud of itself shows defendant was not then 'of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.' Del Guercio v. Pupko, 9 Cir., 1947, 160 F.2d 799, 800; Stevens v. U. S., 7 Cir., 1951, 190 F.2d 880 * * *."

The defendant testified that he had disclosed his arrests but that the examiners said they were not important if he had not "served time". This testimony was clearly denied by the examiners and is unworthy of belief. The same defense was presented in United States v. Corrado, D.C.E.D.Mich., 1953, 121 F.Supp. 75, where citizenship was revoked.

Accordingly, both on the ground of fraud and on the ground that the order and certificate of naturalization of defendant were illegally procured, the order will be revoked and set aside, and the certificate will be cancelled.

The facts herein stated and the conclusions of law expressed shall be considered the Findings of Fact and Conclusions of Law of the Court. An appropriate order will be submitted.