**In re Petition for Naturalization of Theodoros SOTOS.**

Misc. No. 3143.

United States District Court
W. D. Pennsylvania.

Sept. 13, 1963.

146

Joseph D. Ripp, Pittsburgh, Pa., for petitioner.

Ned Haimovitz, Pittsburgh, Pa., for Immigration and Naturalization Service.

GOURLEY, Chief Judge.

This is a Petition for Naturalization of Theodoros Sotos. The question to be determined by the Court is whether the petitioner has established that he meets the requirements for naturalization as a citizen of the United States and, more particularly, the requirement that he be a person of good moral character. The Court finds that he does meet said requirements, and the Petition for Naturalization will be granted.

Naturalization Service contends that petitioner has not established that he has been, during the five-year period prior to filing his application for naturalization, a person of good moral character as required by 8 U.S.C.A. § 1427(a) (3), and, more particularly, that he is precluded by 8 U.S.C.A. § 1101(f) (6) from establishing the requisite good moral character. That section provides:

"(f) For the purposes of this chapter * * * No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was * * *

"(6) one who has given false testimony for the purpose of obtaining any benefits under this chapter."

The recommendation that naturalization be denied was based on the fact that petitioner had failed to state on a naturalization application that he had resided at 522 Lockhart Street, Pittsburgh, Pennsylvania, during the five years prior to applying for citizenship in a deliberate effort to hide the fact that he had had immoral sexual relations with his land-lord's wife while residing at said address. Petitioner also affirmed said facts under oath.

Were it not for the omission on the application of the Lockhart Street address, there would be no doubt but that petitioner would have established that he was a person of good moral character even though he had intercourse with a married woman.

Since it is not disputed that petitioner himself was not married when the acts of sexual intercourse occurred, under the law of Pennsylvania, the state where the intercourse occurred, the admitted conduct of petitioner constitutes the crime of fornication and not the crime of adultery. Pa.Stat.Ann. tit. 18 §§ 4505, 4506. Fornication is, under Pennsylvania law, not a felony, Pa.Stat. Ann. tit. 18, § 4506, and thus, in itself, could not serve as a barrier to petitioner's naturalization, since it is not one of the acts which statutorily prevents a person from being a person of good moral character. 8 U.S.C.A. § 1101(f).

Since fornication in itself is not a barrier to naturalization, the specific legal issue facing the Court is the effect to be given, in determining "good moral character" in a naturalization proceeding, to omitting a fact on a naturalization application in order to prevent discovery of an occurrence which in itself would not be a barrier to naturalization.

Only two cases appear to have considered the effect of giving such a false statement. In Stevens v. United States, 190 F.2d 880 (7th Cir., 1951), the Court held that a false statement knowingly made by an applicant for naturalization in the course of such proceeding would afford a proper basis for denying the petition and deemed it immaterial that the false statement knowingly made concerned violations which occurred more than five years prior to filing the petition, and that such violations standing alone would not afford a proper basis for the denial of the petition. In Del Guerico v. Pupko, 160 F.2d 799 (9th Cir., 1947), the Court held that, as a matter of law, the making of false statements as to a

previous arrest and conviction within the five years prior to application involved moral turpitude and exhibited the unfitness of the applicant for citizenship, and reversed the judgment of the District Court which, in granting citizenship, must have found that the arrest and conviction did not reflect adversely upon applicant's moral character.

In the Third Circuit, there have been no decisions on the specific question of the effect to be given, in a naturalization proceeding, to omitting a fact on an application in order to prevent discovery of an occurrence which, in itself, would not be a barrier to naturalization. Therefore, the applicable rule must be ascertained from related decisions of the Court.

After a thorough review of the cases decided by the United States Court of Appeals for the Third Circuit in denaturalization proceedings, it is the considered opinion of the Court that prior to the case of Chaunt v. United States, 364 U.S. 350, 81 S.Ct. 147, 5 L.Ed.2d 120 (1960) (hereinafter sometimes referred to as Chaunt), while the cases could not be read as holding that the District Court must deny naturalization under the circumstances here present, there can be little doubt that their language clearly could be read as permitting the District Court to ground a finding of lack of good moral character on the bald fact that a petitioner for naturalization had perjured himself in the naturalization application. See United States v. Montalbano, 236 F. 2d 757 (3rd Cir.), cert. denied, Genouese v. United States, 352 U.S. 952, 77 S.Ct. 327, 1 L.Ed.2d 244 (1956) ; United States v. Anastasio, 226 F.2d 912 (3rd Cir., 1955), cert. denied, 351 U.S. 931, 76 S.Ct. 787, 100 L.Ed. 1460 (1956); United States v. Kessler, 213 F.2d 53 (3rd Cir., 1954) ; United States v. Accardo, 208 F.2d 632 (3rd Cir., 1953), affirming 113 F.Supp. 783 (D.C.N.J.), cert. denied, 347 U.S. 952, 74 S.Ct. 677, 98 L.Ed. 1098 (1954).

Were it not for the decision in Chaunt v. United States, supra, the Court would be prone to conclude that a person who has sworn falsely on a naturalization application within the five years prior to filing his naturalization application has not established that he has been a person of good moral character for the required period. The United States Supreme Court said in Chaunt v. United States, supra:

"Acquisition of American citizenship is a solemn affair. Full and truthful response to all relevant questions required by the naturalization procedure is, of course, to be exacted, and temporizing with the truth must be vigorously discouraged. Failure to give frank, honest, and unequivocal answers to the court when one seeks naturalization is a serious matter. Complete replies are essential so that the qualifications of the applicant or his lack of them may be ascertained. Suppressed or concealed facts, if known, might in and of themselves justify denial of citizenship. Or disclosure of the true facts might have led to the discovery of other facts which would justify denial of citizenship."

Nevertheless, in Chaunt, supra, a denaturalization proceeding, the United States Supreme Court appears to have set forth a requirement that perjury on an application, to be a barrier to naturalization, must have been material in that the facts concealed were a barrier to naturalization or might have been useful in an investigation possibly leading to the discovery of other facts warranting denial of citizenship.

It is evident that if this test is applied to the facts of this case, the sole determination possible is that the omission of the Lockhart Street address was not material. The revelation of the correct residences of petitioner would not, in any sense, have constituted a barrier to naturalization. At most, the revelation of the correct addresses would have led, on investigation, as it actually did, to the knowledge that petitioner had committed the crime of fornication. Since fornication in itself is not a barrier to naturalization, and since there is no in-

,dication that revelation of the correct .addresses, on investigation, did, would ,or might lead to any barrier to naturalization, the perjury of petitioner must be ,deemed immaterial, as a matter of law, :under the test of Chaunt, supra.

The perjury being immaterial under ·the rule of Chaunt, it cannot be a basis ,on which lack of good moral character can be grounded and since petitioner has otherwise shown that he is of good moral character, the Petition for Naturalization ·will be granted.