**In re Petition for Naturalization of Maria HANIATAKIS.**

**No. 3828.**

United States District Court
W. D. Pennsylvania.

Oct. 27, 1965.

Ned Haimovitz, Pittsburgh, Pa., for Immigration and Naturalization Service.

Joseph D. Ripp, Pittsburgh, Pa., for petitioner Maria Haniatakis.

WEBER, District Judge.

This case was tried on a stipulation as to the matters in dispute which required no further production of testimony.

Petitioner, Maria Haniatakis, a native of Greece, 21 years of age, lawfully admitted to the United States for permanent residence on June 4, 1956, filed a Petition for Naturalization on June 17, 1964, in which she falsely stated that she was single. In fact, she was married to Demetrios Varotsis on May 18, 1964. Varotsis was a deserting Greek seaman, illegally in the United States, who had been arrested on June 10, 1964 for illegal entry into the United States and who had voluntarily departed to Greece.

An investigation was conducted by the Immigration and Naturalization Service and at a continued preliminary examination held August 7, 1964, the petitioner testified truthfully to all the facts, explaining that her failure to make disclosure of her marriage at the time she answered the question on the preliminary application was due to a fear that those facts would disqualify her for citizenship at that time. The Immigration and Naturalization Service states that, standing alone, this fact would not have reflected adversely on her petition. The Immigration and Naturalization Service, therefore, recommends denial of the Petition for Naturalization on the grounds that petitioner has failed to establish good moral character during the

period required by law because she has given false testimony under oath, during the statutory period required for establishing that she has been a person of good moral character for the requisite period under § 101(f) (6).

The Court of Appeals for this Circuit has admonished the District Judges sitting in the same Court against overruling each other on similar issues of law. TCF Film Corp. et al v. Gourley, 3 Cir., 240 F.2d 711 (1957); Price v. Greenway, 3 Cir., 167 F.2d 196 (1948); Jurgenson v. National Oil and Supply Co., 3 Cir., 63 F.2d 727 (1933). The most recent expression of a Judge of this Court on the question at issue here is contained in the opinion of Chief Judge Gourley in In re: Petition for Naturalization of Theodoros Sotos, 221 F.Supp. 145 (W.D.Pa. 1963). While the cases on the question at issue here reveal a conflict among the Courts of Appeal for the various circuits, there is no holding on this question by the Court of Appeals for this Circuit. Chief Judge Gourley considered the holding in Chaunt v. United States, 364 U.S. 350, 81 S.Ct. 147, 5 L. Ed.2d 120 (1960) to mean a false statement, under oath, made in an application for a Petition for Naturalization would not be a barrier to naturalization, where the facts concealed would not be a barrier to naturalization or would not have been useful in an investigation possibly leading to the discovery of other facts warranting the denial of citizenship. While Chaunt was an action by the United States to cancel naturalization and, therefore, placed the burden on the Government, the facts of the non-disclosure are similar and the rationale of Chaunt is applicable to the case at bar.

## FINDINGS OF FACT

The Court finds the following facts:

1. Petitioner is a legal resident alien lawfully admitted to the United States for permanent residence on June 4, 1956.

2. Petitioner filed a Petition for Naturalization with the Pittsburgh office of the Immigration and Naturalization Service on June 17, 1964.

3. Petitioner filed a Petition for Naturalization under her maiden name of Maria Haniatakis.

4. Petitioner has the full legal residence required for citizenship.

5. Petitioner is well disposed toward the good order of the United States; has never been involved with the law enforcement authority of the United States, or elsewhere; and is and was not a member of the Communist Party or any of its affiliated organizations.

6. The petitioner is married to Demetrios Varotsis, an alien, who resides in Greece.

7. The complete investigation by the Immigration and Naturalization Service has failed to reveal any barrier to the grant of citizenship to the petitioner.

8. That when petitioner was called for testimony, under oath, on August 7, 1964, she gave truthful answers concerning her marriage and related matters.

9. The misrepresentation as to marriage made by petitioner in her Application for Citizenship and Petition relating thereto was not material.

10. Petitioner is a person of good moral character and has been one for the five years preceding the filing of the Petition for Naturalization.

11. Petitioner is eligible for naturalization.

## CONCLUSIONS OF LAW

The Court makes the following Conclusions of Law:

1. That the misrepresentation made by petitioner in her application for citizenship and petition relating thereto was not a material misrepresentation.

2. Petitioner is not precluded by the provisions of 8 U.S.C. § 1101(f) (6) from establishing good moral character in that she has given false testimony for the purpose of obtaining any benefit under the naturalization law.

3. Petitioner has met all other requirements for naturalization.

4. Petitioner is eligible for naturalization.

5. The Petition for Naturalization should be granted in the married name of petitioner, Maria Varotsis.

Petition for naturalization granted.