## Commonwealth v. Perkins

*Philip J. O'Malley,* Assistant District Attorney, for Commonwealth.

*James P. McHugh,* for defendant.

deFURIA, J., November 1, 1971.—Defendant was indicted under a single bill charging fornication and bastardy. He was found guilty after a trial without a jury. His motions in arrest of judgment and for new trial are before us.

The prosecutrix testified as to her relations with defendant and fixed paternity upon him. Although she was an alcoholic at one time, she is a woman of maturity and intelligence. Her testimony was detailed, clear and convincing. And it was uncontradicted.

Defendant produced evidence of his subsisting marriage, but did not deny the allegations of intimacy.

Defendant raises a novel issue: That he cannot be guilty of fornication because he was a married man, and that he cannot be guilty of bastardy, since that charge is based upon fornication.

Fornication and bastardy are separate and distinct crimes: Commonwealth ex rel. Roberts v. Keenan, 170 Pa. Superior Ct. 282, 85 A.2d 678, (1952).

The gravamen of the action of bastardy is fornication as a result of which the female conceives: Commonwealth v. Dunnick, 204 Pa. Superior Ct. 58 (1964) 202 A.2d 542.

While it is unquestioned that a defendant may be found guilty of fornication alone, it is not clear that he may be convicted of bastardy alone, although logic and reason would not be violated by such a holding.

If the jury finds that defendant did have illicit sexual intercourse with the prosecutrix, as a result of which she conceived, the charge of bastardy would stand, despite some legal impediment to the conviction of defendant for fornication. See Commonwealth v. Losey, 79 Pa. Superior Ct. 75 (1922), where, under the statute, the fornication occurred outside the State, but the child was born within the State. See also Commonwealth v. Lehr, 2 Pa. C.C. 341, 18 Phila. 485 (1886), which held that defendant may be convicted of bastardy alone.

An unmarried man cannot be convicted of adultery under Pennsylvania law: In re Sotos, 221 F. Supp. 145 (D.C. W.D. Pa. 1963). (Adultery carries a more severe penalty than fornication.) However, we feel that it does not follow that a married man may not be convicted of fornication. See, however, Commonwealth v. Ackley, 14 D. & C. 451 (1930), holding that

proof of marriage is a defense to the charge of fornication.

The statute, Act of June 24, 1939, P.L. 872, sec. 506, as amended, 18 PS §4506, does not define fornication, nor does it limit or define the person who commits the act. It merely states: "Whoever commits fornication, is guilty of a misdemeanor."

While it is generally accepted that only an unmarried person may commit fornication, the statute does not so hold. Historically, fornication was a private wrong and not indictable. As a moral wrong, its meaning covered illicit sexual relations between two persons not married to each other. The biblical meaning clearly extended to married persons: St. Matthew, Chap. 5, Verses 28, 32.

To convict of adultery, one of the necessary elements is fornication: Commonwealth v. Moon, 151 Pa. Superior Ct. 555, 30 A.2d 704 (1943). Therefore, one who commits adultery must have committed fornication. In Commonwealth v. Kammerdiner, 165 Pa. 222, 30 Atl. 929 (1895), the court held that, after a verdict of guilty of fornication and bastardy, the fact of defendant's marriage was no ground for arrest of judgment.

The statute, supra, clearly provides for the conviction of a married man of the crime of fornication and bastardy: "*Any* man charged by an unmarried woman with being the father of her bastard child, shall be the reputed father and if she persists in the charge in the time of her extremity of labor, or afterwards in open court, the same shall be given in evidence in order to convict *such person* of fornication. *Such man,* being thereof convicted, shall be sentenced, in addition to the fine aforesaid, to pay 'the lying-in expenses and shall be ordered to maintain said child' " (Italics supplied.)

The statutory provision as to fornication applies to "any man," and refutes any case holdings which define fornication as sexual relations by an unmarried person. Further, since a defendant may be convicted of a lesser offense which is a constituent element of a greater offense with which he is charged, it follows that he may be indicted for the lesser offense.

In reply to defendant's brief which cites dictionary definitions of fornication, we cite The American Heritage Dictionary (1969): "Fornication—Sexual intercourse between a man and woman not married to each other."

### ORDER

And now, November 1, 1971, defendant's motions in arrest of judgment and for new trial are dismissed.

Defendant shall appear for sentencing at the Courthouse, Media, Pa., on November 19, 1971, in Courtroom 1, at 10 a.m.